174 P.2d 422

## CITY OF PHOENIX et al. v. MULLEN.
### No. 4852.

Supreme Court of Arizona.
Nov. 18, 1946.

Richard Minne and Jennings, Salmon & Trask, all of Phoenix, for appellants.

Fred V. Moore, of Phoenix, for appellee.

MORGAN, Judge.

About 5 o'clock in the afternoon of January 5, 1945, plaintiff while walking southerly across Washington Street in the west crosswalk of its intersection with Second Avenue, City of Phoenix, was injured when coming into contact with one of defendant city's busses engaged in making a right-hand turn from its southerly course on Second Avenue westerly onto Washington Street. The plaintiff was practically blind in his left eye, and apparently did not see the bus, which was being driven southerly and westerly from his rear in making the turn, until after he had been knocked down by the contact. The evidence indicated that the only part of plaintiff's body which came in contact with the bus was the left side of the forehead. The point of contact was at or near the right-hand front corner of the bus, or just back of the front door at that corner. The bus was being driven slowly but no horn was sounded nor other signal given, and it did not stop after beginning the turn westward, until the accident occurred.

In addition to a contusion and cut on plaintiff's head, his right hip was bruised. Following the injury, plaintiff complained of severe pains in his back. He laid off his usual work as a janitor for about two months. During this period he was receiving medical treatment. At the time of the trial, June 27, 1945, plaintiff testified that his back was still giving him pain, and that his wife was giving him light treatments, baths, rubs and massage. He was 56 years of age. His testimony was that prior to the accident he could do all heavy work connected with his duties as a janitor, but after the accident and up to the date of the trial he could not do any heavy lifting.

Medical testimony submitted by defendants disclosed that x-rays were negative, and that plaintiff's injuries were not permanent, and that if he suffered any pain it was due to pre-existing neuritis from which he had suffered and had been medically treated for a number of months before the accident. On cross-examination defendants' doctor testified that if plaintiff had a bruise in the area of the claimed pains, this condition might be related to the trauma. The testimony of plaintiff and his doctor was to the effect that the pre-existing neuritis existed in plaintiff's neck and shoulder, while the pains for which he was given treatment following the accident were in the lower portion of his back.

The cause was tried before a jury which returned a verdict for plaintiff in the sum of $2,883.50. From the judgment based on this verdict, and the denial of its motion for new trial, this appeal is brought by defendants. The errors assigned relate to the giving and refusal of instructions, the sufficiency of the evidence to sustain the verdict, and the excessiveness of the damages.

It is urged that the court erred in instructing the jury that a violation by defendants of the provisions of sections 66-111 and 66-112, ACA 1939, or either of them, if it be the proximate cause of an injury to another, would be negligence per se. The basis of this claim is that section 66-111 is not applicable because the evidence disclosed that at the time the driver of the bus made the right-hand turn, the plaintiff was in a place of safety on or near the north curb, and that while the bus was making the turn, plaintiff stepped out in the crosswalk and walked into the side of the bus near its front end. Under these circumstances, defendants assert there was no duty on the driver to sound his horn. Defendants' claim of error with respect to the instruction given under section 66-112 is founded upon the asserted omission of plaintiff to plead as a ground of negligence that defendants had failed to yield the right of way to him as required by the statute, and that this theory or element was not at issue.

Section 66-111, in so far as pertinent, reads as follows: "The driver of any vehicle upon a highway before starting, stoping or turning from a direct line shall first see that such movement can be made in safety; if any pedestrian may be affected by such movement he shall give a clearly audible signal by sounding the horn;"

We are committed to the doctrine that if the proximate cause of an injury to another is the failure of the driver of the vehicle to comply with the positive directions of the statute relating to the operation of motor vehicles, such failure or violation is negligence per se and actionable negligence. Herzberg v. White, 49 Ariz. 313, 66 P.2d 253; Womack v. Preach, 63 Ariz. 390, 163 P.2d 280; Alabam Freight Lines v. Phoenix Bakery, Inc., 64 Ariz. 101, 166 P.2d 816. Where the driver fails to comply with the positive directions of the statute, the question of "whether such statutory negligence in any way contributed to the accident and injury of the plaintiff was one for the jury." Southwestern Freight Lines, Ltd. v. Floyd, 58 Ariz. 249, 259, 119 P.2d 120, 125.

Defendants urge that "the plain meaning of the statute is that a horn must be sounded whenever a pedestrian may be affected by being run into or run over by a motor vehicle. It most certainly was not intended to require a warning to keep pedestrians from walking into the side of the vehicle. To adopt such a construction is to create a distorted and entirely un-

natural rule of conduct. The driver of a motor vehicle cannot possibly be chargeable as to pedestrians who either blindly walk into the side of his vehicle, or who look without seeing, and walk into the side of the vehicle." They cite a number of cases supporting this contention.

We deem it unnecessary to consider these authorities, for the reason that defendants' premises are not based upon the conceded facts. Their theory seems to be that the driver of the bus, in making a right turn, is not required to give a signal if the pedestrian crosswalk at the point where the bus will cross is unoccupied. They disregard the very plain provision of the law which requires the signal to be given "if any pedestrian may be affected by such movement." They overlook, too, the fact that the bus was coming up and making its swing from the rear of plaintiff, and that in completing the turn to the west, the front part of the bus, as it reached the crosswalk, would be swinging northerly as well as proceeding westerly. Indeed, it may be said that plaintiff, as he proceeded southerly, was struck by the front part of the bus on its northerly swing. Moreover, the evidence is that plaintiff was practically blind in his left eye, and because of this and the fact that the bus came from his rear, he did not see it. Clearly, this was a case where a pedestrian might be and was actually affected by the movement of the bus. Plaintiff at the curb on the north end of the crosswalk had a right to enter this walk, and would not be required to look to the rear to see if some motor vehicle was about to make a turn, since the duty is imposed upon the driver of the motor vehicle to give warning. The facts not only authorize the giving of the instruction, but justify the jury in finding that the driver's failure to sound the horn was the proximate cause of the accident.

Section 66-112, supra, so far as applicable, provides: "The driver of vehicle within a business or residence district shall yield the right-of-way to a pedestrian crossing such highway within any clearly marked cross-walk or any regular pedestrian crossing included in the prolongation of the lateral boundary lines of the adjacent sidewalk at the end of the block."

We see no merit to defendants' contention that plaintiff did not plead that defendants had failed to yield the right of way to him, as required by the law. The allegations of the complaint are " * * * the plaintiff, James A. Mullen, was crossing from the north side of Washington Street to the South side of Washington Street in the crosswalk provided for pedestrians upon the west side of the intersection of Washington Street and Second Avenue, * * * and when the plaintiff had progressed about eight feet into said intersection, the defendant A. R. Lee * * * suddenly and without notice, started up said bus, * * * and carelessly and negligently and without any warn-

ing whatsoever, turned said bus from its direction of travel in a southerly direction in a sharp turn to the right and drove said bus into and upon the plaintiff. * * * "

It seems obvious to us that these facts bring the case within the provisions of section 66-112, supra. From the allegations of the complaint it appears that plaintiff was proceeding in a crosswalk as defined by the statute, and that defendant city's bus failed to yield him the right of way. Under the present Rules of Procedure for Superior Courts, it is necessary only to allege "A short and plain statement of the claim showing that the pleader is entitled to relief." Sec. 21-404, ACA 1939. "Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required." Sec. 21-408, ACA 1939. "All pleadings shall be so construed as to do substantial justice." Sec. 21-409, ACA 1939. It is a cardinal rule in construing pleadings that "A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show." Baltimore S. S. Co. v. Phillips, 274 U.S. 316, 321, 47 S.Ct. 600, 602, 71 L.Ed. 1069, quoted in Patten v. Dennis, 9 Cir., 134 F.2d 137. In Keystone Copper Mining Co. v. Miller, 63 Ariz. 544, 164 P.2d 603, 611, we said: "The relief to which a party is entitled depends upon the facts pleaded rather than upon the theories advanced." In support of this, see Atwater v. North American Coal Corp., D.C., 36 F.Supp.2d

975; Curacao Trading Co., Inc., v. William Stake & Co., Inc., D.C., 2 F.R.D. 308. The instruction complained of was properly given.

■ Defendants requested an instruction eliminating permanent injury from the consideration of the jury. This was denied, and the court, in instructing the jury, stated that it would be entitled to take into consideration "the nature and extent of the injuries suffered by the plaintiff, if any, as a result of the accident in question; whether or not the said injuries are temporary or permanent in character." Defendants claim that the court erred in denying their requested instruction, and in giving that above quoted, this upon the ground that there was no evidence of permanent injury in the record. It is, of course, the law that if there is no issue or evidence of permanent injury, that question may not be submitted to the jury. S. A. Gerrard Co. v. Couch, 43 Ariz. 57, 29 P.2d 151; Sisters of St. Joseph in Arizona v. Edwards, 45 Ariz. 407, 44 P.2d 155.

■ Defendants take the position that plaintiff's testimony, that since the date of the injury he suffered and was continuing to suffer pains in his lower back, and that he was unable to perform the same character of work following the accident which he was able to do before, cannot be considered as evidence of permanent injury. They contend that in-

asmuch as there was no medical evidence to the effect that plaintiff's injuries were permanent, there can be no recovery. Whether the injury is permanent need not be proven by medical testimony, nor is the jury bound by the testimony of a medical expert who testifies as to the lack of permanency of the injury, if there is controverting evidence or testimony from which it may be inferred that the injury is in fact permanent. May v. Farrell, 94 Cal.App. 703, 271 P. 789; Bach v. C. Swanston & Son, 105 Cal.App. 72, 286 P. 1097; Hecker v. Union Cab Co., Inc., 134 Or. 385, 293 P. 726.

■ We think that from the testimony submitted in this case, and which has already been recited, the jury could infer that plaintiff's injuries were of a permanent character. It may be noted that defendants' doctor admitted, on cross-examination, the pains of which plaintiff complained may have been the result of the trauma. The evidence was sufficient to authorize the court to both deny the instruction requested and to submit the question of permanency to the jury. The permanency of the injury was made an issue by the allegations of the complaint.

■ We can find no error in the court's failure to grant defendants' instruction to direct a verdict in favor of defendants upon the ground that the evidence was such that the jurors could do nothing other than find in favor of defendants. What we have already said dis-

poses of this assignment. The whole case presented an issue of fact for the jury's determination on the question of defendants' negligence. It may well be that plaintiff was contributorily negligent, but the jury has passed upon that phase adversely to defendants' position. Under the Constitution, Art. 18, Sec. 5, the defense of contributory negligence is a question of fact which at all times must be left to the jury. This court has no power to set aside the jury's finding on the question of contributory negligence. Pearson & Dickerson, Contractors, v. Harrington, 60 Ariz. 354, 137 P.2d 381; Campbell v. English, 56 Ariz. 549, 110 P.2d 219; Dennis v. Stukey, 37 Ariz. 299, 294 P. 276; Inspiration Consol. Copper Co. v. Conwell, 21 Ariz. 480, 190 P. 88.

■ Nor can we say as a matter of law that the damages were excessive or were the result of any incorrect statement of law made by the court. It appears from the testimony that plaintiff was wholly unable to perform any work for more than two months following the accident. He suffered pain continuously up to the date of the trial, and his testimony indicates that he was unable to perform the heavy duties incident to his occupation. There was evidence from which the permanency of the injury might be inferred.

No reversible error appearing, the judgment is affirmed.

STANFORD, C. J., and LaPRADE, J., concurring.