No. 17,872.

A. L. PETERSON *v.* MARGARET ELAINE KESSLER, ET AL.
(308 P. [2d] 610)

Decided March 18, 1957.

Mr. LOWELL WHITE, Mr. WALTER A. STEELE, for plaintiff in error.

Messrs. KRIPKE & McLEAN, for defendants in error.

*In Department.*

MR. CHIEF JUSTICE MOORE delivered the opinion of the Court.

WE will refer to the parties as they appeared in the trial court where defendants in error were plaintiffs and plaintiff in error was defendant, or by name.

Plaintiffs alleged in their complaint that they suffered personal injuries and damages resulting from an automobile collision February 8, 1953, on U.S. Highway 91 near Spencer, Idaho, and that the careless and negligent acts of defendant were the proximate cause of the accident.

Defendant denied the allegations of negligence on his part, and affirmatively alleged that plaintiffs were guilty of contributory negligence and that any injuries suffered and damage sustained was the result of an unavoidable accident. By counterclaim he asked judgment for damages allegedly sustained by him in the collision.

The action was tried to a jury which returned verdicts in favor of Mrs. Kessler for $1,093.66 and in favor of Saul Kessler in the amount of $15,000.00. Defendant filed a motion for judgment notwithstanding the verdict, and motion for a new trial, each of which was overruled by the trial court and judgments entered on the verdicts. Defendant brings the cause to this court by writ of error.

Defendant argues two separate grounds for reversal, namely: (1) That as a matter of law the uncontradicted evidence established contributory negligence on the part of each plaintiff which bars a recovery; and (2) that as a matter of law the evidence offered upon the trial failed to establish negligence on the part of defendant which proximately caused the accident.

It is undisputed that at about 1:30 or 2:00 o'clock in the afternoon of February 8, 1953, plaintiffs started to drive in a southerly direction from the town of Spencer, Idaho, and within a distance of one and one-half to two miles entered a severe snowstorm. Heavy snow was on

the ground and strong winds were blowing so as to seriously impair visibility. Plaintiffs' car became stalled and Mr. Kessler walked back to Spencer to obtain help. He returned with help but meanwhile his car had been extricated by highway maintenance equipment and he was in a position to continue his trip. He was able to proceed but a short distance, however, when he stalled and was again assisted by a snowplow. He decided that it would be necessary to put on chains over the snow tires with which his automobile was equipped, and he and his wife testified that they pulled off as far to the right side of the road as they could in order to affix the chains. They testified that there was ample room for two cars to pass on the left side of their automobile and that while they were stopped for the purpose of attaching the chains two automobiles passed them traveling in the same direction as they were headed. Defendant who also was driving in the same direction as plaintiffs, testified that visibility was "very, very poor, practically nil"; that his car entered a snow drift and a shower of snow covered his windshield momentarily; that he did not and could not see plaintiff's automobile which he testified was in the middle of the road. A collision resulted, in which Mr. Kessler suffered a broken leg and other injuries, and Mrs. Kessler received lesser personal injuries.

No contention is made here that the trial court erred in giving instructions to the jury.

In *Scott v. Matsuda, et al.*, 127 Colo. 267, 255 P. (2d) 403, this court said, inter alia:

"We see no reason to detail the evidence in this opinion, since the entire matter was submitted to the jury under fair, proper and complete instructions on all questions involved, without any objection as to any instruction by counsel for either party to the litigation. As to the matter of negligence of either party, there is a general conflict sufficient that reasonable men might reach

a different conclusion and it was, therefore, clearly the function of the jury to resolve such questions.

\* \* \*

"The question of the sufficiency of the evidence and the weight to be given thereto was solely within the province of the jury and when properly instructed, its verdict should not be disturbed by the trial court in substituting its view of the conflicting evidence for that of the jury. In the case before us, there is substantial evidence, although conflicting, that supports the verdict, and this evidence must be considered in the light most favorable to plaintiff in the matter of supporting the verdict."

█ Counsel for defendant vigorously argue that plaintiffs were guilty of contributory negligence as a matter of law. However, after careful study of the entire record we conclude that upon that question, as well as upon the question of negligence on the part of plaintiffs, the evidence discloses that "there is general conflict sufficient that reasonable men might reach a different conclusion."

█ In considering whether contributory negligence was shown as a matter of law under the facts there present, this court in *Sprague v. Herbel,* 90 Colo. 134, 6 P. (2d) 930, quoted the following from an opinion of the Supreme Court of Oregon:

"Each case must be considered in the light of its own peculiar state of facts and circumstances. After all, the test is: What would an ordinarily prudent person have done under the circumstances as they then appeared to exist?"

In *Colorado and Southern Railway Company v. Honaker,* 92 Colo. 239, 19 P. (2d) 759, the opinion of this court contains the following statement:

"A victim of an accident is entitled to have his conduct judged in the light of the surrounding circumstances and conditions; and if it appears, when so judged, to be that

of a reasonably prudent person, he cannot be said to be guilty of negligence."

In the instant case the jury, under proper instructions to which no error is assigned, adjudged defendant to be guilty of negligence which was the proximate cause of plaintiffs' injuries, and by its verdicts found them to be free from contributory negligence. From the evidence appearing in the record before us, different conclusions might be drawn by fair-minded men. The case was tried before a capable judge who heard and overruled defendant's motion for judgment notwithstanding the verdict. Under the circumstances we cannot say as a matter of law that plaintiffs failed to prove negligence on the part of defendant, nor can we say that plaintiffs were shown to be guilty of contributory negligence as a matter of law.

The judgment therefore is affirmed.

Mr. Justice Knauss, Mr. Justice Sutton and Mr. Justice Day concur.