No. 19,636.

HELEN ELLIOTT, ET AL. *v.* GEORGE A. HILL, AS GEORGE A. HILL ENGINEERING AND SUPPLY CO.
(366 P. [2d] 663)

Decided December 11, 1961.

Mr. Patrick H. Slattery, Mrs. Elizabeth L. Guyton, for plaintiffs in error.

Messrs. Phelps, Fonda & Hays, for defendant in error.

*In Department.*

Opinion by Mr. Justice Moore.

We will refer to the parties as they appeared in the trial court where plaintiffs in error were plaintiffs and defendant in error was defendant.

On November 21, 1956, and shortly prior thereto, defendant was engaged in the construction of a curb and gutter along the north side of a public school building in La Junta, Colorado. Plaintiffs are husband and wife. They alleged in their complaint that in the construction of said curb and gutter defendant caused an excavation to be made at or near a point where pedestrians seeking to enter the school building might, and did, cross. They alleged that defendant placed, or allowed to be placed, a boardwalk from the surface of the ground on an incline to the top of the curb across the excavation for the use of pedestrians entering or leaving the school building at that point. Plaintiffs further alleged that the said boardwalk was not sufficiently anchored to keep it from slipping or falling, and that defendant knew, or by the exercise of reasonable care should have known, that failure to secure the walk might result in injury to persons making use thereof in crossing the excavation. It was alleged that plaintiff Helen Elliott was injured as a result of the board slipping as she walked upon it, causing her to fall into the excavation. Damages for personal injuries allegedly sustained as a result of such fall were sought by plaintiffs.

Defendant denied negligence on his part and affirmatively alleged contributory negligence on the part of plaintiff Helen Elliott, unavoidable accident, and assumption of risk.

At the close of the evidence the court granted defendant's motion for a directed verdict. Judgment entered accordingly and plaintiffs are here on writ of error seeking reversal.

■ The trial court granted the motion, "* * * for the reason * * * that there is no evidence of negligence on the part of the defendant * * *." Upon review of a judgment entered upon a directed verdict, the evidence must be viewed in the light most favorable to the party against whom the verdict was directed, and if it is such that different conclusions might be drawn by fair-minded men as to whether negligence is shown, then the question is one to be determined by the jury. *Peterson v. Kessler,* 135 Colo. 102, 308 P. (2d) 610. The function of the court in such circumstances does not go beyond the duty to correctly instruct the jury on the law of "negligence."

In *Swanson v. Martin,* 120 Colo. 361, 209 P. (2d) 917, we find the following pertinent statement concerning the matter of withdrawing from the consideration of the jury the question of negligence or contributory negligence: "* * * it is only in the clearest of cases, when the facts are undisputed *and it is plain that all intelligent men can draw but one inference from them,* that the question is ever one of law for the court." (Emphasis supplied.)

In *Gray v. Turner, et al.,* 142 Colo. 340, 350 P. (2d) 1043, we find this statement:

"In the instant case there was evidence upon all controlling questions from which different inferences might be drawn by men of integrity and intelligence. Under such circumstances the jury should be permitted to draw their own inferences from the evidence."

In *Arps v. City and County of Denver, et al.,* 82 Colo. 189, 257 Pac. 1094, the trial court directed a verdict. In

reversing the judgment and ordering a new trial this court said in pertinent part:

"* * * If the question [existence of negligence] provokes debate, among reasonable men, whether they agree or not, under the repeated decisions of this and other courts, it is a jury question, for how can we say that six or twelve men might not look upon it differently? * * *"

We have read the testimony received at the trial and conclude that there was sufficient evidence to "provoke debate among reasonable men" as to whether the defendant was negligent. Evidence introduced on behalf of plaintiffs tended to prove the allegations of their complaint, and if believed by the jury would support a verdict and judgment in their favor, hence the issues should have been submitted to the jury under proper instructions.

The judgment is reversed and the cause remanded with directions to grant a new trial.

MR. JUSTICE DAY and MR. JUSTICE FRANTZ concur.