No. 19,839.

WARD M. SEVIER *v.* DONALD C. HENDRIX.
(367 P. [2d] 750)

Decided January 8, 1962.

68

Messrs. WORMWOOD, O'DELL and WOLVINGTON, Mr. PAUL D. RENNER, for plaintiff in error.

Mr. KENNETH N. KRIPKE, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

WE will refer to the parties as they appeared in the trial court where plaintiff in error was defendant and defendant in error was plaintiff. The plaintiff recovered judgment and defendant seeks reversal on writ of error.

The complaint was filed to recover damages for personal injuries allegedly resulting from a collision between a passenger motor vehicle operated by plaintiff and a 42-foot semitrailer-tractor driven by defendant. The accident occurred on the Valley Highway in the city of Denver near the West 38th avenue exit at about 6:30 P.M. on March 14, 1960. It was snowing and the highway was slick.

Plaintiff suffered severe injuries and does not remember anything about the accident. His son who was fifteen years old at the time of the accident was a passenger in the car and testified that visibility was "pretty good" on the southbound Valley Highway; that it was well lighted with overhanging lights at intervals of 200 feet; that they were going about thirty miles per hour when their car skidded on a curve. He stated that when it came to a stop after skidding it was partly in the left-hand lane of the southbound highway and partly "off the traveled edge of the highway" east of the southbound lane of travel. He further testified that other cars passed their car as it stood in this position; that his father did not move the car but was waiting for the truck driven by defendant to pass; that there was an interval of about fifteen seconds from the time that their car stopped

until it was struck by the truck during which time the truck travelled 1000 feet.

A Denver police officer arrived at the scene about 7:20 P.M. He testified that it was snowing and the highway was snowpacked and slick and that it was well lighted with overhanging lamps. He talked with the defendant and attributed the following statement to him:

"I was southbound. The first thing I saw, he was sideways in the middle of the road. I applied brakes and seemed to go faster. I attempted to drive off the road, but it was too icy to get control. I first saw him 50 to 100 feet away."

There was other evidence received which raised an issue of fact as to the exact point of impact of the vehicles, and it is argued by counsel for defendant that we should disregard the evidence which tends to establish the negligence of defendant for the reason that "admitted physical evidence will be accepted as true where disputed by mere contrary eyewitness testimony." In support of this contention *Zang v. Wright,* 93 Colo. 80, 23 P. (2d) 580, is cited. In the opinion in that case we find the following statement:

"* * * the testimony of plaintiff's father, which was supposed to establish the fact that the defendant's car was not equipped with headlights, is so clearly contrary to the admitted physical facts that it should receive no consideration either at the hands of the jury or the court."

In the instant case there is not present the requisite "admitted physical facts" which "clearly" indicate an absence of negligence on the part of the defendant, and the rule contended for is not applicable. As stated in *Swanson v. Martin,* 120 Colo. 361, 209 P. (2d) 917:

"* * * it is only in the clearest of cases, when the facts are undisputed *and it is plain that all intelligent men can draw but one inference from them,* that the question is ever one of law for the court." (Emphasis supplied.) See also *Elliott v. Hill,* 148 Colo. 553, 366 P. (2d) 663.

We cannot say as a matter of law that the plaintiff failed to establish negligence on the part of the defendant, nor can we say as a matter of law that plaintiff was guilty of contributory negligence.

The judgment is affirmed.

MR. JUSTICE SUTTON and MR. JUSTICE DAY concur.