No. 21804.

DORIS L. RICHARDSON *v.* PIONEER CONSTRUCTION CO., A
COLORADO CORPORATION.
(434 P.2d 403)

Decided December 4, 1967.

KETTELKAMP, MCGRATH & VENTO, for plaintiff in error.

H. MYERS BUMGARDNER, CHARLES D. PIERCE, for defendant in error.

*In Department.*

Opinion by MR. JUSTICE McWILLIAMS.

THIS is a wrongful death case. Doris Richardson, the plaintiff, made claim against the Pioneer Construction Company, the defendant, alleging that her husband was killed as a result of the defendant's negligence. At the conclusion of the plaintiff's evidence, defendant moved for a directed verdict in its favor. This motion was granted and the jury, by direction of court, returned a verdict for the defendant. Thereupon judgment was duly entered in favor of the defendant, and the plaintiff now seeks reversal of the judgment thus entered.

The central issue is whether the plaintiff's evidence of negligence on the part of the defendant was sufficient to carry the case to the jury. A brief recital of the evidence adduced by the plaintiff in support of her claim will perhaps bring this controversy into focus.

J. D. Richardson, a truck driver, was killed almost instantly when the tractor-trailer which he was driving left the southbound portion of U. S. Highway 85-87 about 1½ miles south of Monument, jackknifed across the 30 foot grass median strip, and overturned on the northbound portion of the aforementioned highway. Richardson was driving what was described by his employer as an "International diesel, cab-over tractor" type of vehicle. The accident occurred at about 1:30 o'clock in the morning while Richardson was en route from Denver to Pueblo.

As of the date of the aforesaid accident, the defendant as a general contractor was engaged in certain construction and repair work on U. S. Highway 85-87 at the place where Richardson's truck left the highway and overturned. It was the plaintiff's general theory of the case, as set forth in her complaint, that in repairing this particular stretch of highway the defendant carelessly and negligently maintained the highway in a dangerous and unsafe condition and "carelessly and negligently failed to place suitable and sufficient warn-

ing signs, lights, barricades and watchmen at or near the same to warn traveling on said highway." Because of such negligence, according to the plaintiff, the "truck and J. D. Richardson were precipitated from the highway."

In support of its motion for a directed verdict, defendant contended that the trial court should grant the motion on any one of three grounds: (1) there was no evidence that it was the defendant which was engaged in the repair of the highway in question, (2) there was no evidence of any negligence on the part of the defendant, and (3) there was evidence of contributory negligence, as a matter of law, on the part of the deceased.

In granting this motion the trial court made no explanation as to the basis for its ruling. However, when the trial court subsequently denied the plaintiff's motion for a new trial, it did give a very full explanation of its earlier action. In this explanation the trial court made detailed findings of fact. We would parenthetically observe that better practice would seem to suggest that a trial court's explanation as to just why it is granting a motion for a directed verdict should be made at the time the motion is granted, rather than weeks later when the motion for a new trial is determined. In any event, however, in denying the plaintiff's motion for a new trial the trial court specifically found that the defendant was "in charge of the construction area in question." The trial court then went on to find that there was insufficient evidence of negligence on the part of the defendant company. Alternatively, the trial court hedged a bit by finding that "even if" the defendant was negligent, the deceased in such event was himself guilty of contributory negligence. In our considered view the trial court erred in its disposition of the matter and under the circumstances the plaintiff was entitled to have her claim resolved by the jury, and not by the trial judge.

Though the evidence is indeed sketchy as to whether it was the defendant company which was repairing the stretch of highway here in question, we nevertheless regard this matter as having been resolved in pre-trial proceedings. It is true that the defendant in its answer denied that it was repairing the portion of the highway where the accident occurred. However, in its written pre-trial statement, the defendant admitted that "it was engaged in construction repair of the area in question on the mentioned date."

At the outset of the trial proper, counsel for the defendant attempted to retreat, at least to some degree, from his earlier admission. In this connection counsel upon trial, verbally stated that the defendant was not "entirely responsible for the construction at the site." When the matter was pursued a bit by opposing counsel, counsel for defendant agreed, however, that the defendant was in charge of this particular construction work, "subject to their contract."

■■ On this state of the record, we are of the view that the contention of the defendant that there was no evidence that it was the company engaged in repair of the highway in question is without merit, and therefore the judgment in favor of the defendant cannot be upheld on that basis. We recognize that the trial court did not base its action on this particular ground. However, in a situation of this type we are not concerned with whether the reasoning of the trial court was correct. Our task is to determine whether the *action* of the trial court can be sustained on any ground. And in our view the action of the trial court in directing a verdict for the defendant cannot be sustained on the ground that there was no evidence that this defendant was engaged in repairing the particular stretch of highway where the accident occurred. This matter was resolved by the defendant's own pre-trial admissions.

■ The real issue, as already noted, is whether the plaintiff made a sufficient showing of negligence on

the part of the defendant to require submission of the matter to the jury. The trial court determined that the evidence in this regard was legally insufficient. Our examination of the record convinces us that in this particular the trial court committed error.

██ There is no dispute as to the applicable law on this general subject, as we have repeatedly held that the issues of negligence, contributory negligence and proximate cause are matters generally to be resolved by the trier of the facts, and that it is only in the clearest of cases, where the facts are not only undisputed but reasonable minds could draw but one inference therefrom, that the question of what constitutes reasonable care becomes one of law to be decided by the court. See, for example, *Lasnetske v. Parres,* 148 Colo. 71, 365 P.2d 250. The dispute arises in connection with the evaluation of the evidence adduced by the plaintiff in support of her allegation of negligence on the part of this defendant. The defendant claims the evidence in this regard was legally insufficient, whereas the plaintiff is of the firm view that her evidence was sufficient to require submission of the controversy to the jury.

We agree with the plaintiff's analysis of the matter. In our judgment the evidence of the plaintiff was such as *could* have justified the jury in concluding as follows:
1. that for about a week or ten days prior to this accident the defendant was engaged in repair work on the particular stretch of highway here in question;
2. that the blacktop had been "bladed off" and that there was only gravel or loose dirt under wheel;
3. that at the point where the truck left the highway there was a "valley or little trough" in the middle of the roadway which was rough and filled with chuck holes;
4. at the bottom of this "valley" or "dip" there was a hole about 6 inches deep and 2 feet across;
5. on the left-hand side of this highway, and lying more-

or-less adjacent to this "hole," was a long windrow of loose sand about 1 foot high; and that

6. the only sign regarding speed was a 60 mile per hour sign and the only warning sign was a "mile or two back" and merely informed the motorist that he was in a construction area.

■■ On such state of the record, the trial court erred in determining that the issue of negligence was an issue of law and not one of fact. True, there was no direct evidence as to how the accident occurred, Richardson's lips having been sealed by his untimely death and there being no eyewitness to the accident. But negligence may be established by the facts and circumstances surrounding an accident. *Remley v. Newton,* 147 Colo. 401, 364 P.2d 581. And where reasonable and fair-minded men might draw different conclusions or inferences from such facts and circumstances, then the question of negligence is for the jury. Certainly one inference to be drawn from the plaintiff's evidence is that the deceased lost control of his vehicle when he hit a relatively sizeable hole in a roadway which was torn up by the defendant for repair work. Was this evidence of negligence? Reasonable minds might well differ on this matter. Hence, under the circumstances the defendant should have been permitted to put on its evidence, and then the controversy should have been resolved by the jury, and not the judge.

■■ In like manner, the trial court also erred in its "alternative" finding of contributory negligence, as a matter of law, on the part of the deceased. As concerns this particular finding, the trial court apparently did so because of certain testimony of a fellow truck driver that he had "warned" the deceased about the dangerous condition of the highway. The trial court reasoned that having been thus warned, the deceased was *necessarily* guilty of contributory negligence when his vehicle somehow got off the highway. But such does not *necessarily* follow. It could be argued with equal force that even

though the deceased was warned and was presumably driving with greater care than would otherwise be the case, the roadway was nevertheless so rough and torn up that he still was unable to maintain control of the vehicle. All of which simply indicates that contributory negligence was, at best, an issue of fact and not one of law. When two equally plausible conclusions are deducible from the circumstances, the jury, and not the judge, is to decide which should be adopted. *Remley v. Newton, supra.*

The judgment is reversed and the matter remanded for a new trial.

MR. JUSTICE PRINGLE and MR. JUSTICE HODGES concur.