No. 22358.

CeBuzz, Inc., a corporation and doing business under the name of Food Giant v. Henrietta Sniderman.
(466 P.2d 457)

Decided March 16, 1970.

248

WELLER, FRIEDRICH AND HICKISCH, JAMES C. FATTOR, for plaintiff in error.

FRANK A. BRUNO, H. D. REED, ROBERT E. GOODWIN, for defendant in error.

*En Banc.*

MR. JUSTICE HODGES delivered the opinion of the Court.

A PREVIOUS opinion in this case, upon which a petition for rehearing was granted, is now withdrawn. The issues were re-argued before this court sitting en banc.

The parties will be referred to as they appeared in the trial court where plaintiff in error was defendant and defendant in error was the plaintiff.

Plaintiff in her amended complaint alleged that on February 27, 1962, she was shopping in the retail grocery store owned and operated by defendant; that she made a selection of some bananas; and that while she was standing at the checkout counter, she was bitten on her left hand by a tarantula spider or similar spider-like insect which, unknown to the plaintiff, was hidden in the bananas.

Plaintiff also alleged that the defendant had previous knowledge and notice of the presence of tarantula spiders or similar spider-like insects on its premises and in the

bananas it held out for sale; that the defendant failed to exercise due care toward its customers and the plaintiff in particular by allowing that condition to exist and to continue; and that the defendant took no steps to safeguard its customers, and the plaintiff in particular, from the threat of injury.

Plaintiff prayed for damages for her injuries, including pain and suffering; for permanent injuries; and for medical and hospital expenses. In a second claim, the plaintiff sought damages for breach of an implied warranty that the bananas selected by her were merchantable, safe and free from danger and contamination.

Trial was to the jury and after both sides rested, counsel for plaintiff moved for a directed verdict on the issue of liability. The trial court granted the motion and in doing so, held the defendant liable on the grounds of absolute liability, breach of implied warranty, and negligence as a matter of law. The court then submitted the question of damages to the jury which returned a verdict in favor of the plaintiff in the amount of $9,500 and judgment was entered on the verdict. From this judgment, the defendant now prosecutes this writ of error.

I.

In our view, the principal issue of significance in this case relates to the trial court's taking the issue of the defendant's liability from the jury on the ground that the evidence established, as a matter of law, the negligence of the defendant. The other grounds announced by the trial court for holding the defendant liable as a matter of law need not be further discussed.

When the trial court has directed a verdict, our task is to determine whether it can be sustained on any ground. *Richardson v. Pioneer Const. Co.,* 164 Colo. 270, 434 P.2d 403. It is also the rule that upon review of a judgment entered upon a directed verdict, the evidence must be viewed in the light most favorable to the party against whom the verdict was directed, and if it is such, that different conclusions might be drawn

by fair-minded men as to whether negligence is shown, then the question is one to be determined by the jury. *Elliott v. Hill*, 148 Colo. 553, 366 P.2d 663; *Peterson v. Kessler*, 135 Colo. 102, 308 P.2d 610.

■ It is our conclusion that the evidence established defendant's negligence as a matter of law, and that the trial court properly directed the verdict in favor of the plaintiff on the issue of the defendant's liability.

The following basic facts appear clearly established from the evidence:

1. On February 27, 1962, plaintiff was a business invitee at the defendant's store. Plaintiff had done some shopping and was having her groceries checked out when she decided to purchase some bananas. She left the checkout stand, leaving her husband, her daughter and a Mrs. Johnson to wait for her at the checkout stand, and she proceeded to the produce counter where she selected a bunch of bananas. Plaintiff immediately returned to the checkout counter and stood between her daughter and Mrs. Johnson.

2. While holding the bananas, she sustained a painful insect bite on her left hand causing her to drop the bananas on the counter. A bug emerged and crawled through a crack on the counter top.

3. Two or three days prior to the occurrence upon which this action is based, the defendant corporation, through its employee, Barbara Field, had been put on notice that a condition of some danger existed when she saw the same type of bug emerge from another bunch of bananas.

4. There was testimony by plaintiff and her witnesses that the produce manager came to the checkout stand after plaintiff was bitten and stated the bug was a banana tarantula. As to the statement made by the produce manager, Mrs. Johnson testified as follows: "Well, he said he was going to have to do something about the bananas, because the last bunch he had received were full of those tarantulas." When asked if he made such a

statement, he testified he didn't recall making such a statement, which is neither an admission nor a denial but had the effect of leaving plaintiff's evidence in this regard undisputed.

The presence of this injury-inflicting bug in the bananas on the premises of the defendant was a dangerous condition. The observation of a similar bug on bananas by employee Barbara Field two days before was notice to the defendant of a probable dangerous condition in bananas being offered for sale to customers. When this is considered in the light of the evidence summarized in the foregoing numbered paragraphs, and the fact that no evidence was presented as to any efforts by any employee of the defendant to protect its customers from injury from this condition, the premise, that the defendant was negligent as a matter of law, is complete.

To further strengthen this premise, we note that in addition to employee Barbara Field's testimony that she had seen a similar type bug emerge from a bunch of bananas prior to the incident here, she also testified, when asked to describe the bug that bit the plaintiff, as follows: "Well, it was an oval shape type beetle bug, I don't know, it had a lot of legs, and it was more or less a black bug, and I had seen them in the store before."

It should also be noted that the produce manager testified that he had no knowledge of the previous existence of bugs in the bananas. However, if this testimony is considered with his testimony about not recalling whether or not he made the statement about the tarantulas in the "last bunch of bananas he had received," it becomes somewhat impotent, and certainly not convincing. As we view the produce manager's testimony in conjunction with the other evidence in this record, we believe the inferences are strong that the bug that bit and injured the plaintiff, was a tarantula. But, in any event, the produce manager's testimony does not place in dispute the fact that the defendant, through its employee Barbara Field, had notice of the probability of the

existence of a dangerous condition in the bananas. Neither this employee, nor any other employee, made any effort prior to the plaintiff's injury to inspect the bananas offered for sale for the purpose of discovering and eliminating such insects. When confronted with the knowledge that insects of this nature might be found in the bananas which it was offering for sale, we believe that a clear duty was imposed upon the defendant to take necessary measures to guard against the possibility of injury to its customers when they handle and select bananas for purchase.

A landowner or business host is liable to a business visitor for harm caused by a hazardous or dangerous condition on his premises if: (a) he knows or by the exercise of reasonable care could discover the condition; (b) has no reason to believe the condition will be discovered by the business visitor; and (c) invites entry upon the land or premises without making the condition safe, or giving a warning. These are the standards set forth in the *Restatement (Second) of Torts* § 343 applicable to the relationship of a landowner or business host and a business visitor with respect to a condition of danger on the premises. This is the prevailing rule of law applicable to the facts of this case and similar fact situations involving injury to a customer resulting from a condition of danger on business premises. See *King Soopers, Inc. v. Mitchell,* 140 Colo. 119, 342 P.2d 1006, which specifically adopts this rule involving a hazardous condition on business premises, and generally recognizes the proposition that a landowner and business host, in discharging his duty to a business visitor, is obligated to exercise reasonable care to discover perils.

By applying these standards, we conclude that on the issue of liability, the evidence is not only undisputed but that reasonable minds could draw only one inference therefrom, to wit: that negligence and proximate cause was established as a matter of law for trial court resolution, as opposed to issues of fact to be decided

by the jury. Where neither the evidence nor the inferences deducible therefrom are in dispute, and the measure of the defendant's duty is clearly defined, the issues of negligence and proximate cause become, as they did in this case, issues of law. *Mosely v. Lamirato,* 149 Colo. 440, 370 P.2d 450. Therefore, the trial court did not err in directing a verdict on liability in favor of the plaintiff.

II.

Defendant urges as another ground for reversal that the trial court erred in denying its attorneys, prior to trial, access to hospital records relating to several different periods of hospitalization of plaintiff, some of which, according to plaintiff, were caused by the insect bite.

Defendant sought to gain access to the medical records by taking the depositions of medical librarians of two hospitals. Subpoenas duces tecum were issued which commanded the librarians to produce the records of *all* hospitalizations of the plaintiff without regard to when the hospitalizations occurred. Some of the hospitalizations occurred five years prior to the date of the plaintiff's injury.

The plaintiff sought to have the records impounded, sealed and not opened except under order of court on the ground of privilege. The court granted the relief sought and said:

"In other words, there are still a few intangibles here which may be resolved by testimony in the case as it goes forward at the trial itself, which may change the position of the court with respect to whether or not these records are admissible in this particular case at the time of trial."

R.C.P. Colo. 45 (d) with regard to subpoenas provides:
". . . The subpoena may command the person to whom it is directed to produce designated books, papers, documents, or tangible things which constitute or contain evidence relating to any of the matters within the scope

of the examination permitted by rule 26(b), but in that event the subpoena will be subject to the provisions of subdivision (b) of rule 30 and subdivision (b) of this rule 45."

R.C.P. Colo. 30(b) provides:

". . . the court may make any other order which justice requires to protect the *party or witness* from annoyance, embarrassment, or oppression. The provisions hereof shall be liberally construed by the court in order to prevent unnecessary inconvenience and expense to parties and to witnesses, and to avoid unnecessary delay." (Emphasis added.)

In view of the nature of the records here sought, the period of time they covered and the right accorded defendant to seek their disclosure at the time of trial (which right the defendant failed to exercise), we can see no reversible error in the court's actions.

### III.

■ A careful reading of defendant's last argument indicates its main thrust is that medical testimony is indispensable to the establishment of permanent disability, future pain or suffering, or future medical expense. Defendant contends plaintiff's medical witness was unable to prognosticate on any of those elements so that it was error for the court to instruct the jury on them.

In *Union Pacific Ry. Co. v. Jones,* 49 F.343, *error dismissed,* 163 U.S. 709, 16 S.Ct. 1207, 41 L.Ed. 310, a personal injury case arising in Colorado, it was stated at 346 as follows:

". . . The objection made by defendant is that it was incumbent upon the plaintiff to have introduced evidence proving the length of time the disability and suffering would continue. If by this is meant that the plaintiff was bound to submit in evidence the opinion of physicians upon this point, and that the jury would be bound to accept such opinions we cannot agree to the proposition. . . . No expert testimony could have shown just how

long such disability would exist in the future, as the matter is one beyond absolute knowledge, and therefore experts could only have given their opinions based upon the facts appearing in evidence; and, while such opinions might have aided the jury in reaching a conclusion upon the question, yet they were not indispensable to its consideration and determination by the jury."

See also *City of Phoenix v. Mullen*, 65 Ariz. 83, 174 P.2d 422.

The defendant urges that our pronouncement in *Barter Machinery and Supply Company v. Muchow*, 169 Colo. 100, 453 P.2d 804 is applicable here. We do not agree. In *Muchow*, the plaintiff sustained slight injuries when a dog bit him and knocked him to the ground. Plaintiff testified about a continuous back pain, but there was no medical evidence connecting this complaint of back pain with his slight injuries. In fact, the medical testimony was that the back pains were consistent with an arthritic condition, unrelated to the incident, and attributable to plaintiff's advanced age. Under these facts, we held that the trial court erred in instructing the jury on permanent injuries and future pain because there was no medical testimony establishing that the plaintiff sustained permanent injury.

In the instant case, the medical testimony and the plaintiff's testimony reveals continuous pain in the left arm which started when plaintiff was bitten. The pain and weakness in the left arm persisted for over three and a half years from the time of injury to the date of trial and during the trial. The evidence also revealed over 350 office calls to her doctor for medication and treatment of her arm, and several hospitalizations for tests, therapy and surgery in an effort to alleviate this condition, which persisted unabated at the time of trial.

This evidence on behalf of the plaintiff warrants consideration by the jury on the question of damages arising from future pain, medical expenses, and permanent disability.

Judgment affirmed.

Mr. Chief Justice McWilliams and Mr. Justice Groves dissenting.

Mr. Justice Kelley not participating.

Mr. Chief Justice McWilliams dissenting:

I think the issue of liability should have been submitted to the jury and, therefore, dissent. Mr. Justice Groves has authorized me to say that he joins in this dissent.