Opinion by
 

 Judge VOGT.
 

 In this personal injury action, defendant, Frank M. Hall & Company (Hall), appeals the judgment entered on a jury verdict in favor of plaintiff, Rick W. Newsom. Hall's primary contention is that it was plaintiff's statutory employer under the Workers' Compensation Act, § 8-40-101, et seq., CRS. 2008(Act), and thus was immune from common law liability. We disagree and therefore affirm.
 

 Hall, a general contractor, subcontracted with an excavating company (subcontractor) to perform earthwork and site utilities work on a construction project. Plaintiff was employed by the subcontractor as a pipeline foreman. While working on the project, he fell and was impaled on uncapped rebar. His medical bills in the amount of $2548 were paid by the subcontractor's workers' compensation carrier.
 

 Plaintiff sued Hall and others for damages arising out of their negligence. Alleging immunity as plaintiff's statutory employer under the Act, Hall moved for summary judgment. The trial court summarily denied the motion.
 

 Hall renewed its immunity argument in its trial brief and again after the close of plaintiffs evidence, but the trial court declined to revisit the issue. After the jury returned a verdict in favor of plaintiff, the trial court denied Hall's motion for post-trial relief, which reasserted the immunity issue and, in the alternative, sought reduction of the jury's damages award.
 

 L.
 

 As a threshold matter, we do not agree with plaintiff that Hall failed to preserve the immunity issue.
 

 In Feiger, Collison & Killmer v. Jones, 926 P.2d 1244 (Col.1996), the supreme court held that the propriety of a summary judgment denial is not appealable after a trial on the merits if the moving party did not preserve the issue by moving for a directed verdict or for judgment notwithstanding the verdict or by reasserting its argument as a defense at trial. In such cireumstances, the moving party is deemed to have abandoned the issue and waived the right to have it reviewed on appeal. To hold otherwise, the court reasoned, would work an injustice on the opposing party, which was prevented by the movant's inaction from developing a ree-ord on the issue.
 

 Here, by contrast, Hall reasserted its immunity argument in its trial brief, again at the conclusion of plaintiff's case, and again in its post-trial motion. We perceive no basis for concluding that Hall abandoned the argument or otherwise prevented plaintiff from developing a record on the issue. Contrary to plaintiff's contention, Hall was not required to present additional evidence to preserve the issue where, in its view, evidence already before the court was sufficient to warrant judgment in its favor.
 

 IL.
 

 Hall contends the trial court erred in rejecting its contention that it was plaintiff's statutory employer under the Act and thus immune from suit. We disagree.
 

 Workers' compensation is an employee's exclusive remedy against his or her employer for work-related injuries. Thus, an employer who has complied with the insurance provisions of the Act is immune from any common law liability for such injuries. Kelty v. Mile Hi Single Ply, Inc., 890 P.2d 1161 (Colo.1995). That immunity extends to actual employers and to "statutory" employers of the injured worker. See Finlay v. Storage Technology Corp., 764 P.2d 62 (Colo.1988).
 

 
 *1106
 
 Whether a person or entity is a statutory employer is generally a question of fact. Thornbury v. Allen, 991 P.2d 885 (Colo.App.1999). However, where the facts are undisputed, the trial court's determination of statutory employment status drawn from those facts is a question of law that we review de novo. See Virginians Heritage Square Co. v. Smith, 808 P.2d 366 (Colo.App.1991).
 

 Here, although plaintiffs actual employer was the subcontractor, Hall contends that it was plaintiffs statutory employer under § 8-41-401(1)(a), C.R.S.2008. As relevant here, that section provides that a company that contracts out any part of its business to a subcontractor is deemed an employer for purposes of the Act. Under § 8-41-401(1)(b), C.R.S.2008, both the subcontractor and the subcontractor's employees are deemed employees of the company. See Finlay v. Storage Technology Corp., swpra; Thornbury v. Allen, supra.
 

 However, there are exceptions to the statutory employment status conferred by § 8-41-401(1)(a). One such exception, characterized by plaintiff as "dispositive" of the issue raised by Hall, is § 8-41-401(1)(a)(ID), C.R.S. 20083. This subsection was added to § 8-41-401(1)(a) in 1995, see Colo. Sess. Laws 1995, ch. 112 at 344, and has not been the subject of any reported Colorado case.
 

 Under the plain language of § 8-41-401(1)(a)(I), no company is to be construed to be an employer if the subcontractor to whom it has contracted out part of its work has "complied with section 8-40-202(2)(b) [C.R.S. 2008] relative to such work." Section 8-40-202(2)(b) sets forth the showing required to establish that one who performs services for another is an independent contractor, not an employee. Thus, under the § 8-41-01(1)(a)(I) exception, a statutory employment relationship does not exist if the subcontractor is an independent contractor as to the general contractor.
 

 Section 8-40-202(2)(b)(I), C.R.98.2003, provides that "independence"-that is, the status of an independent contractor rather than an employee-may be shown by a written document or other evidence establishing that, as stated in § 8-40-202(2)(a), C.R.S.2003, the individual performing services for pay for another "is free from control and direction in the performance of the service, both under the contract for performance of service and in fact and such individual is customarily engaged in an independent trade, occupation, profession, or business related to the service performed."
 

 Section 8-40-202(2)(b)(II), C.R.38.2003, sets out nine criteria of "independence." These include, among others, that the person for whom services are performed does not: require the individual to work exclusively for him or her; establish a quality standard, "except that the person may provide plans and specifications regarding the work"; pay a salary or pay at an hourly rate instead of at a fixed or contract rate; provide more than minimal training; provide tools or benefits; or dictate the time of performance.
 

 Evidence in the record here establishes that plaintiff's employer, the subcontractor, was independent from Hall within the meaning of § 8-40-202(2)(b). Thus, under § 8-41-401(1)(a)(I), Hall could not be deemed plaintiff's statutory employer.
 

 The written agreement between Hall and the subcontractor provided that Hall would pay the subcontractor $551,000 to perform all earthwork and site utilities work at the project. Although Hall gave the subcontractor plans and specifications, the subcontractor was responsible for furnishing all labor, materials, equipment, and services necessary to perform the work. The subcontractor was also required to pay all costs and expenses incurred in the performance of the subcontract and to obtain all required insurance, including workers' compensation insurance.
 

 Plaintiff stated in his affidavit that he and his crew were the only workers present at the construction site doing excavating and earthwork-site utilities work; that Hall did not have employees or equipment of its own to perform the work; that the work he performed was independent and free from Hall's control and direction; that, although Hall provided plans and specifications, it did not oversee the actual work or instruct him how to perform the work; and that Hall did not pay him a salary, terminate his work, provide training, tools, or benefits, or dictate the time
 
 *1107
 
 of performance other than to have a completion schedule and regular work hours.
 

 This evidence amply established the criteria for independence under $ 8-40-202(2)(b).
 

 We do not agree with Hall that the § 8-41-401(1)(a)(I) exception to the rule of statutory employment is inapplicable because the subsection to which it refers, § 8-40-202(2)(b), speaks of establishing the independent contractor status of "individuals," not business entities.
 

 We are bound to construe the Act as a whole, to give consistent, harmonious, and sensible effect to all its parts while furthering the General Assembly's intent. Sullivan v. Industrial Claim Appeals Office, 22 P.3d 585 (Colo.App.2000). An interpretation that leaves any part of a statute meaningless and without effect is to be avoided. People v. Belgard, 58 P.8d 1077 (Colo.App.2002).
 

 Section 8-40-202(2)(b) is part of § 8-40-202, C.R.S$.2008, the provision of the Act that defines an "employee"; and its use of the term "individual" is consistent with the first subsection of that statute, which addresses persons who are deemed employees. See § 8-40-202(1), C.R.S.2003. Although the § 840-202(2)(b) criteria for independence refer to "individuals" in the context of the statute defining "employee," we perceive no basis for limiting the applicability of those criteria to natural persons when the context is the § 8-41-401(1)(a)(I) cross-reference to § 8-40-202(2)(b).
 

 The statutory employer section, § 8-41-401, clearly contemplates that entities as well as individuals may be statutory employees. For example, § 8-41-401(2), C.R.S8.2003, refers to a "lessee, sublessee, contractor, or subcontractor who ... keeps insured its liability for compensation" (emphasis added). Section 8-41-401(1)(a)(I1), C.R.8.2008, refers to a "sole proprietor of such lessee, subles-see, contractor, or subcontractor," thereby necessarily envisioning that entities as well as individuals may be lessees, sublessees, contractors, or subcontractors. Limiting the definition of independent contractor to a natural person for purposes of the statutory employer exception in § 8-41-401(1)(a)(D) would, in effect, render that subsection meaningless when applied to a significant portion of the parties to whom § 841-401 is intended to apply.
 

 In sum, because the record establishes that the § 8-41-401(1)(a)(I) exception to statutory employment status applies here, the trial court properly refused to dismiss plaintiffs claims against Hall on the basis of immunity.
 

 IIL
 

 In its petition for rehearing, Hall for the first time states that it has obtained tran-seripts of 1995 legislative hearings that as-sertedly contain testimony supporting its view of how the relevant statutes should be interpreted. Regardless of whether the transcripts would in fact support Hall's position, we do not look to legislative history where, as here, the statutory language is clear and the result reached upon application of that language is not absurd. See People v. Goodale, 78 P.3d 1108, 1107 (Colo.2008) ("Only when the statute is unclear or ambiguous may we look beyond the words of the statute to legislative history or rules of statutory construction."); Lazuk v. School District No. 1, 22 P.3d 548 (Colo.App.2000)(court must give statutory language its plain meaning unless result would be absurd).
 

 Hall also contends that the evidence was insufficient to support the jury's award of $20,000 for economic damages, $120,000 for noneconomic damages, and $10,000 for impairment and disfigurement. Again, we disagree.
 

 The fact finder has the sole prerogative to assess the amount of damages. Its award will not be set aside unless it is mant-festly and clearly erroneous. However, a damage award may not be based on speculation or conjecture. Logixxz Automation, Inc. v. Lawrence Michels Family Trust, 56 P.3d 1224 (Colo.App.2002); see also Jones v. Cruzam, 83 P.3d 1262 (Colo.App.2001)(amount of damages awarded may not be disturbed unless it is completely unsupported by the ree-ord).
 

 The damages for economic and noneco-nomic losses, disfigurement, and impairment
 
 *1108
 
 were supported by evidence of plaintiff's medical bills, missed work, sears, adhesions, numbness, and recurring pain and emotional trauma. In light of the evidence, we cannot say that the amount awarded by the jury was manifestly and clearly erroneous.
 

 Although Hall argues that plaintiff suffered no economic damages beyond his medical bills totaling $8,115, the jury could reasonably infer from evidence of plaintiffs continuing pain and problems that he would need additional treatment and would miss work. The inferences were sufficient to support an award of damages for future medical expenses beyond the impairment or disfigurement damages, which the jury was instructed to consider separately. See CeBuzz, Inc. v. Sniderman, 171 Colo. 246, 466 P.2d 457 (1970)(medical evidence of continuous pain, post-accident surgery, and numerous hospital and doctor visits sufficient to allow jury to consider damages for future medical expenses); Jones v. Cruzan, supra.
 

 The judgment is affirmed.
 

 Chief Judge DAVIDSON and Judge DAILEY concur.