Stephen C. **PETERS**, Plaintiff–Appellee and Cross–Appellant,

v.

**BOULDER INSURANCE AGENCY, INC.,** a Colorado corporation, a/k/a Health Intermediaries and Durham Life Insurance Company, a North Carolina corporation, Defendants–Appellants and Cross–Appellees.

No. 89CA0182.

Colorado Court of Appeals, Div. IV.

Aug. 29, 1991.

Rehearing Denied Sept. 26, 1991.

Certiorari Denied April 20, 1992.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

Salmon, Godsman & Nicholson, P.C., Mark L. Anders, William P. Godsman, Englewood, for plaintiff-appellee and cross-appellant.

Montgomery, Little, Young, Campbell & McGrew, P.C., Thomas J. Helms, Englewood, for defendants-appellants and cross-appellees.

Opinion by Judge JONES.

Defendants, Boulder Insurance Agency, Inc. (Boulder), and Durham Life Insurance Company, appeal from a judgment entered against them based upon their refusal to pay insurance claims asserted by plaintiff, Steven Peters. Defendants assert that plaintiff's common law claims are preempted under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, et seq. (1974). Defendants further assert that the trial court improperly instructed the jury as to a "hybrid" theory of recovery which combined elements of estoppel and reasonable expectations. Plaintiff cross-appeals the trial court's decision to enter a directed verdict in favor of the defendants on the issue of punitive damages. We affirm.

Boulder administered a multiple employer trust (MET) health insurance program in which small unrelated employers could pool premiums in order to obtain more favorable coverage and rates. This program, entitled "Group Benefits Trust," was underwritten by Durham Life Insurance Company. Paragon Standard Corporation (Paragon) was one of approximately 450 employers participating in the program.

In June 1985, plaintiff entered into a venture capital agreement with Robert Davis, a co-owner of Paragon and several other related small companies, in which Davis agreed to finance a new company, Aero Defense Recruiting Technologies, Inc., in return for a 51% interest in that company.

Davis informed plaintiff that he would receive health insurance and instructed him to fill out an insurance application and to list Paragon as his employer. Plaintiff did as he was instructed.

Soon thereafter, Paragon began winding down, and another of Davis' companies, Guarantor, began issuing checks for premium payments to defendant in Paragon's place. For this reason, plaintiff considered that Boulder was on notice that Paragon was not his technical employer as the MET required.

In August 1985, Boulder received a claim by plaintiff in which he listed his employer as AERO/Defense. Ignoring the issue of plaintiff's rightful employer, Boulder denied the claim on the basis that plaintiff's insurance coverage would not become effective until September 1, 1985. Several days later, Boulder issued a policy and certificate of insurance to plaintiff. Both of these actions led plaintiff to believe that he was insured, despite the technical error in listing his employer as Paragon.

On September 4, 1985, plaintiff sustained serious injuries in an automobile accident. Plaintiff once again submitted claims to Boulder listing his employer as AERO/Defense.

More than five months after the accident, Boulder denied coverage. It directed plaintiff to submit the claim to his automobile insurance carrier, in spite of plaintiff's verbal and written notification to Boulder that he had no automobile insurance coverage for this accident.

Finally, over eight months after the accident, Boulder denied the claim based upon plaintiff's lack of eligibility.

The trial court denied defendants' pretrial motion to dismiss plaintiff's claim of breach of contract and bad faith breach of contract based upon ERISA preemption. At trial, plaintiff recovered under both theories.

## I.

■ Defendants first contend that the trial court erred in failing to grant defendant's motion to dismiss based upon ERISA, in denying their motion for directed verdict, and in refusing to submit to the jury the issue of whether an ERISA plan was involved here. We do not agree.

■ Conflicts involving insurance claims which arise out of insurance programs covered by ERISA are preempted by the Act and must be resolved in the federal courts. Furthermore, under such circumstances, state law, and common law claims relating to the same subject matter cannot be considered. *See Taggert Corp. v. Life & Health Benefits Administration*, 617 F.2d 1208 (5th Cir.1980).

Here, for ERISA to apply, and thereby preempt plaintiff's state law claims, defendants were required to show affirmatively that Paragon "established or maintained" an "employee welfare benefit plan" as set forth in 29 U.S.C. § 1002 (1974).

■ The existence of an ERISA plan is a question of fact to be resolved in light of all the surrounding facts and circumstances from the point of view of a reasonable person. *Kanne v. Connecticut General Life Insurance Co.*, 859 F.2d 96 (9th Cir.1988).

■ In determining whether an ERISA plan exists, courts have focused on the level of involvement by the employer in the program so as to warrant regulation of the administrative integrity of the program. *See Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987). This focus is proper because ERISA's fiduciary standards were intended to prevent abuses of the special responsibilities borne by those dealing with such plans and to shield employees from self-dealing, imprudent investing, and misappropriation of plan funds. *Fort Halifax Packing Co. v. Coyne, supra.*

■ In support of its contention that Paragon "established or maintained" the group insurance plan at issue in this case, defendants do little more than assert that Paragon paid insurance premiums on behalf of the plaintiff. That is insufficient to meet the ERISA criteria.

Although the case law in this area is somewhat contradictory, nearly all courts facing this issue have concluded that the bare purchase of insurance does not conclusively establish an ERISA plan. *See Taggert v. Life & Health Benefits Administration, supra* (ERISA does not regulate the bare purchase of health insurance if the purchasing employer neither directly nor indirectly owns, controls, administers, or assumes responsibility for the policy or its benefits); *Donovan v. Dillingham*, 688 F.2d 1367 (11th Cir.1982) (the purchase of insurance does not conclusively establish a plan, fund, or program although it is evidence of such).

Here, defendants failed to present evidence showing that Paragon maintained any significant administrative role in the operation of the group insurance plan. Moreover, the record reflects that Paragon possessed no control, or right of control, over any of the decisions made regarding the handling of the trust and its administration.

Defendants rely on *Donovan v. Dillingham, supra*, for the proposition that an ERISA plan may be established where the employer merely contributes toward payment of premiums. This reliance is misplaced.

The court in *Dillingham* held that employers who subscribe to METs 1) pursuant to collective bargaining agreements, 2) pursuant to a continuing practice of purchasing insurance for a class of employees, or 3) under circumstances showing an anticipated continued furnishing of the benefits, had established "employee welfare benefit plans" under ERISA. Thus, in addition to merely purchasing insurance, *Dillingham* requires a showing that the employer has been and will continue to be committed to providing benefits.

Here, defendants failed to establish that Paragon's payment contributions were part of a continuing policy of providing benefits to its employees.

■ We conclude that, based upon the allegations in the pleadings it had before it, the trial court properly ruled that plaintiff's allegations were sufficient to support a claim upon which relief could be granted. We further conclude that the evidence presented by defendants was not sufficient to justify presenting to the jury the issue of ERISA preemption. We therefore perceive no error.

## II.

■ Defendants next contend that the trial court erred in tendering jury instructions which combined elements of estoppel and reasonable expectations. Again, we disagree.

There is no error in giving instructions which, when read as a whole, adequately and correctly inform the jury as to the applicable law. *Felder v. Union Pacific R.R. Co.*, 660 P.2d 911 (Colo.App.1982).

■ A party may recover under a claim of promissory estoppel if the following elements are satisfied: 1) a promise is made which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person; 2) the promise does induce such action or forbearance; and 3) injustice can be avoided only by enforcement of the promise. *Kiely v. St. Germain*, 670 P.2d 764 (Colo. 1983); Restatement (Second) of Contracts § 90(1) (1979).

■ The rule of reasonable expectations also applies if, as here, there is a dispute as to the existence of insurance coverage. *Sanchez v. Connecticut General Life Insurance Co.*, 681 P.2d 974 (Colo. App.1984).

■ Under this rule, "an insurer who wishes to avoid liability must not only use clear and unequivocal language evidencing its intent to do so, but it must also call such limiting conditions to the attention of the insured. Absent proof of such disclosure, coverage will be deemed to be that which could be expected by the ordinary lay person." *Leland v. Travelers Indemnity Co.*, 712 P.2d 1060 (Colo.App.1985).

Here, at the close of evidence, the trial court instructed the jurors that, in order for plaintiff to recover on his claim that defendants were precluded from denying coverage, they must find:

"1) That defendants made representations to plaintiff or engaged in conduct that led him to reasonably expect insurance coverage.

"2) Plaintiff· reasonably relied upon these representations.

"3) This reliance induced him to refrain from taking steps to otherwise obtain insurance coverage."

Although the trial court's instructions did not precisely incorporate the elements of promissory estoppel or reasonable expectations, we conclude that, taken in their entirety, and together with the other instructions, they accurately portrayed the law as it applied to the facts in this case.

Defendants' other contentions are without merit.

## III.

■ As the basis for his cross-appeal, plaintiff contends that the trial court erred in directing a verdict against him and in favor of defendants on the issue of punitive damages. We disagree.

When the trial court has directed a verdict, the task of a reviewing court is to determine whether the verdict can be sustained on any ground. *CeBuzz, Inc. v.*

*Sniderman,* 171 Colo. 246, 466 P.2d 457 (1970). However, a motion for a directed verdict is properly granted only if the evidence, when viewed in a light most favorable to the non-moving party, compels the conclusion that a verdict against the movant cannot be sustained. *Myers v. Beem,* 712 P.2d 1092 (Colo.App.1985).

■■■ To recover punitive damages, a plaintiff must establish beyond a reasonable doubt that the defendant acted with evil intent or with wanton and reckless disregard of plaintiff's rights. Conduct that is merely negligent cannot serve as a basis for exemplary damages. *Tri–Aspen Construction Co. v. Johnson,* 714 P.2d 484 (Colo.1986).

Here, plaintiff relies primarily upon the trial testimony of his own expert, who testified that defendants' conduct was in "reckless disregard" of plaintiff's rights. However, within that same testimony, the expert subsequently stated, in describing defendants' conduct, that "the word negligent [is] a pretty strong word" and that he could not "really speak to the insurance companies' intent."

We conclude that plaintiff failed to present a *prima facie* case of proof beyond a reasonable doubt that defendants acted with the requisite evil intent or with wanton and reckless disregard of plaintiff's rights. Thus, the trial court properly dismissed plaintiff's claim for punitive damages.

The judgment is affirmed.

TURSI and RULAND, JJ., concur.