**TYNAN'S NISSAN, INC., a Colorado corporation; Tynan's Volkswagen, Inc., a Delaware Corporation, Plaintiffs–Appellants,**

v.

**AMERICAN HARDWARE MUTUAL INSURANCE COMPANY, a Minnesota corporation; United States Fire Insurance Company, a New York Corporation; and Frank Applegate, Defendants–Appellees.**

No. 94CA1129.

Colorado Court of Appeals,
Div. II.

Nov. 24, 1995.

Frank & Finger, P.C., Thomas Frank and Hal B. Warren, Evergreen, for Plaintiff–Appellant.

Creamer and Seaman, P.C., Thomas J. Seaman and Gregory R. Giometti, Denver, for Defendants–Appellees American Hardware Mutual Insurance Company and Frank Applegate.

Fowler, Schimberg & Cowman, P.C., Daniel M. Fowler and Ricky C. Benjamin, Denver, for Defendant–Appellee United States Fire Insurance Company.

Opinion by Judge JONES.

Plaintiffs, Tynan's Nissan, Inc., and Tynan's Volkswagen, Inc. (Tynans), appeal a summary judgment in favor of defendants, American Hardware Mutual Insurance Co. (American), United States Fire Insurance Co. (U.S. Fire), and Frank Applegate, a licensed agent of American. We affirm in part, reverse in part, and remand with directions.

In February 1989, the Administrator of the Colorado Uniform Consumer Credit Code (UCCC) instigated an investigation into sales programs conducted by Tynans which were intended to assist customers with poor or no credit in purchasing used cars. In October 1990, the Administrator filed suit against Tynans under the UCCC, §§ 5–1–101 to 5–9–103, C.R.S. (1992 Repl.Vol. 2). The Administrator brought this suit under her authority to enforce the provisions of the UCCC. *See*

§§ 5–6–102, 5–6–110, 5–6–111, and 5–6–113, C.R.S. (1992 Repl.Vol. 2).

Upon receipt of the Administrator's action, Tynans delivered the complaint to its insurer, American Hardware. Initially, American Hardware denied any duty or responsibility to defend or indemnify Tynans for any losses as a result of the Administrator's action. However, in February 1991, American Hardware acknowledged coverage up to $50,000 under the Truth in Lending endorsement of Tynans' policies.

In August 1991, the Administrator dismissed the action against Tynans pursuant to a settlement agreement. Subsequent to this, American Hardware once again denied coverage for any liability as a result of the Administrator's action.

In October 1991, Tynans filed suit against American Hardware and its agent Applegate for negligence, negligent misrepresentation, breach of contract, and bad faith. Tynans included U.S. Fire as a defendant for coverage under its umbrella policy.

The trial court granted partial summary judgment for defendant U.S. Fire in August 1992. Later, Tynans and U.S. Fire entered into a stipulation for dismissal without prejudice as to U.S. Fire's liability since that coverage depended on the outcome of Tynans' action against American Hardware. The trial court entered an order to dismiss U.S. Fire without prejudice in March 1993.

In March and April 1993, the parties filed cross-motions for summary judgment. In May 1994, the trial court entered summary judgment in favor of American Hardware and Applegate against Tynans on all claims. In addition, the trial court modified its August 1992 order and granted U.S. Fire's motion for summary judgment in its entirety. This appeal followed.

Generally, summary judgment is a drastic remedy and is never warranted except upon a clear showing that there exists no genuine issue of any material fact and that the moving party is entitled to judgment as a matter of law. *Churchey v. Adolph Coors Co.,* 759 P.2d 1336 (Colo.1988).

The party moving for summary judgment has the burden of establishing that no genuine issue exists as to any material fact. *Travelers Insurance Co. v. Savio,* 706 P.2d 1258 (Colo.1985). A party against whom summary judgment is sought is entitled to the benefit of all favorable inferences that may be drawn from the facts. *Kaiser Foundation Health Plan v. Sharp,* 741 P.2d 714 (Colo.1987). These same standards apply for an appellate court reviewing a summary judgment. *Churchey v. Adolph Coors, Co., supra.*

The interpretation of an insurance policy, like any written contract, presents a question of law and, therefore, is appropriate for summary judgment. *Bumpers v. Guarantee Trust Life Insurance Co.,* 826 P.2d 358 (Colo. App.1991). Furthermore, the language of an insurance policy should be enforced according to its plain terms if they are clear and unambiguous. *Federal Deposit Insurance Corp. v. American Casualty Co.,* 843 P.2d 1285 (Colo.1992).

## I.

Tynans contends that the trial court erred in concluding that no coverage existed for the settlement agreement under the policy's Truth in Lending coverage. We disagree.

The Truth in Lending Errors and Omissions Coverage form states that American Hardware is obligated to pay on Tynans' behalf all sums which Tynans "shall become legally obligated to pay as damages solely because of error or omission in failing to comply with § 130, Civil Liability, of Title I (Truth in Lending Act) of the Consumer Protection Act (Public Law 90–321; 82 Stat. 146, et. seq.)." This section of the Truth in Lending Act is codified at 15 U.S.C. § 1640 (1993). It imposes liability upon creditors who fail to comply with provisions of 15 U.S.C. § 1631, et seq., and 15 U.S.C. § 1666, et seq., or § 1667, et seq.

Section 1640 provides a cause of action for an individual or class action for damages against a creditor for any such violations. In contrast, the Administrator brought her action against Tynans pursuant to her authority to enforce the provisions of the Colorado

UCCC under §§ 5–6–102, 5–6–110, 5–6–111, 5–6–113, C.R.S. (1992 Repl.Vol. 2).

The trial court found that the insurance policy provided coverage only for errors or omissions in failing to comply with the federal Truth in Lending Act and, thus, that it did not provide coverage relative to the action brought by the Administrator under the Colorado UCCC. We agree with the trial court that such represents the clear import of the contract language.

## II.

■ Tynans, however, further contends that under the rules of reasonable expectations and waiver, the trial court erred in concluding that coverage did not exist under the Truth in Lending section of the policy. We disagree.

■ The rule of reasonable expectations applies if there is a dispute as to the existence of insurance coverage. It provides that an insurer who wishes to avoid liability must do so in clear and unequivocal language and must call such limiting conditions to the attention of the insured. Absent such disclosure, coverage will be deemed to be that which could be expected by the ordinary lay person. *Peters v. Boulder Insurance Agency, Inc.,* 829 P.2d 429 (Colo.App.1991); *Leland v. Travelers Indemnity Co.,* 712 P.2d 1060 (Colo.App.1985).

Tynans argues that because it purchased a comprehensive insurance package from American Hardware, including Truth in Lending Errors and Omissions Coverage, it had a reasonable expectation of coverage for the Administrator's action. However, an insurance policy is a contract and, in the absence of an ambiguity, should be interpreted according to the plain and ordinary meaning of its terms. *Terranova v. State Farm Mutual Automobile Insurance Co.,* 800 P.2d 58 (Colo.1990). *Cf. State Farm Mutual Automobile Insurance Co. v. Nissen,* 851 P.2d 165 (Colo.1993).

■ Therefore, regardless of whether an insured purchases what it believed to be a comprehensive insurance package, courts will still interpret the plain and ordinary meaning of the policy and will not alter the terms of

coverage simply because an insured thought it had coverage.

Here, the expectation urged by Tynans is contrary to the plain and ordinary meaning of the policy language and, thus, cannot be contrary to any reasonable expectation. Hence, even though Tynans thought it would be covered for the Administrator's action, that perception did not require the trial court to find coverage under the Truth in Lending provision.

The result in *Leland v. Travelers Indemnity Co., supra* at 1064, does not lead to a contrary result. There, communications from the company were "calculated to convey the impression [to the insured] that the policy would remain in effect, or at least be reinstated if an unsigned check [for premium payment] was promptly signed and returned." Here, in contrast, plain and unambiguous language of the insurance policy precluded coverage.

Tynans also argues that American Hardware should be estopped from denying coverage since it at one point admitted limited coverage was available. However, Tynans did not raise this argument in its motion for summary judgment, in its response to American Hardware's motion for summary judgment, nor at any other time before the trial court. Therefore, we will not consider this argument for the first time on appeal. *Committee for Better Health Care v. Meyer,* 830 P.2d 884 (Colo.1992).

## III.

■ Tynans next contends that the trial court erred in finding that coverage was not available under the advertising injury liability provisions of the policy. It argues that the trial court erred in concluding that there was no causal connection or factual nexus between Tynans' advertising and the injury to its consumers. Again, we disagree.

The advertising injury coverage of the policy provides that the insurer will pay all sums the insured legally must pay as damages because of an *advertising injury* caused by an offense committed in the course of advertising goods, products, or services and

in the coverage territory during the policy period. The policy defines "advertising injury" as an injury arising out of one or more of the following offenses: 1) oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products, or services; 2) oral or written publication of material that violates a person's right of privacy; 3) misappropriation of advertising ideas or style of doing business; and 4) infringement of copyright, title, or slogan.

The trial court found that, although Tynans may have advertised the sales programs, any injury occurred, if at all, in the process of selling the cars and services and not in the course of advertising. Thus, there was no causal connection between any alleged "advertising injury" and Tynans' advertising activities. *See Bank of the West v. Superior Court,* 2 Cal.4th 1254, 10 Cal.Rptr.2d 538, 833 P.2d 545 (Cal.1992).

In addition, the trial court found that under the definition of "advertising injury" in the policy, the advertising injury must result from a *"misappropriation of* advertising ideas or *style of doing business."* Tynans asserts that advertising injury arose from its general "style" of doing business and that it is, therefore, covered for advertising injury. We agree with the trial court's interpretation of the policy here that a generic style of doing business not related to advertising activities is not covered under the policy. Therefore, we conclude that the trial court committed no error in finding that the "advertising injury" provision did not provide coverage for the action brought by the Administrator.

## IV.

Tynans next asserts that the trial court erred in concluding that the money it paid under the settlement agreement did not constitute damages under the policy. We conclude that it is unnecessary to consider this contention.

While the trial court relied on caselaw from other jurisdictions in concluding that money acquired wrongfully and later returned does not constitute "damages" as used in an insurance policy, we conclude that even if the money Tynans paid in the settlement agreement with the Administrator constituted "damages," such damages do not fall within the policy since they were not the result of an action for which the policy provided coverage.

Specifically, the policy provided coverage for damages paid because of an error or omission in failing to comply with the federal Truth in Lending Act, any loss arising out of Tynans' business as an insurance agent, and all sums Tynans legally must pay because of an advertising injury. Since the trial court found, and we agree, that none of these clauses provide coverage for the Administrator's action under the Colorado UCCC, whether the money paid by Tynans constitutes damages under the policy is inconsequential. *Cf. Bank of the West v. Superior Court, supra.*

## V.

Finally, Tynans contends that the trial court erred in granting summary judgment against it on its claims of bad faith against American Hardware and negligence and negligent misrepresentation against Applegate. We agree as to the claims asserted against Applegate.

Tynans asserts that, in the motion for summary judgment, American Hardware and Applegate failed to raise or address Tynans' claims of bad faith, negligence, and negligent misrepresentation. Hence, it argues that the trial court erred in granting summary judgment as to these claims.

Although American Hardware and Applegate did not present arguments in support of summary judgment on these claims in their motion for summary judgment, they did ask for such relief. In addition, they briefly addressed these claims in their reply memorandum in support of summary judgment. However, they did not submit any supporting affidavits or other evidence. Likewise, Tynans did not submit any supporting affidavits as to these claims.

Since none of the parties supported their arguments with affidavits or evidence on these claims, in order to determine the pro-

priety of the summary judgment, we must look to the pleadings to determine if there are any genuine disputes as to material facts on these issues. C.R.C.P. 56(c).

 As to American Hardware, a review of the pleadings reveals that the overall nature of the claims against it and the damages allegedly caused by it flow from its failure to provide coverage to Tynans. Because we have determined that no coverage existed under the policy, summary judgment was properly entered in favor of American Hardware. *See Jarnagin v. Banker's Life & Casualty Co.*, 824 P.2d 11 (Colo.App.1991).

As to the claim of negligence against Applegate, because the duty alleged to have been breached is described in very general terms, and because of the absence of affidavits and other documents in support of the sundry arguments, we cannot determine from this record that genuine issues as to material facts do not exist. Thus, the trial court erred in granting summary on that claim.

For similar reasons, we conclude that summary judgment was premature regarding the claim of negligent misrepresentation against Applegate.

Concerning Tynan's other contentions, we either have considered them and determined that they lack merit or have not considered them in light of our resolution of this case.

Accordingly, the summary judgment in favor of Applegate as to the fourth and fifth claims for relief is reversed and the case is remanded for further proceedings on those claims against Applegate. As to the claims against American Hardware, summary judgment is affirmed.

RULAND and BRIGGS, JJ., concur.