Carolyn ANDERSON, individually, and as next friend of Christopher J. Anderson, a minor, Plaintiffs–Appellants,

v.

The DENVER PUBLIC SCHOOL EMPLOYEES' PENSION AND BENEFIT ASSOCIATION, a Colorado corporation, Dolories Graves, Evie Dennis, Patricia Hayes, Deanna Hanna, J.P. Hemming, Frank Hurst, Kenneth Kelly, Kent Kirksey, John MacPherson, Tom Mauro, Glenn Mohr, Louis Parker, Linda Patton, Edward Quintrall, Lela Romero, Carle Stenmark, Defendants–Appellees.

No. 95CA0599.

Colorado Court of Appeals, Div. I.

June 13, 1996.

Rehearing Denied Sept. 5, 1996.

Certiorari Denied March 31, 1997.

Law Offices of Jeffrey I. Sandman, Jeffrey I. Sandman, Englewood, for Plaintiffs–Appellants.

Semple & Jackson, P.C., Michael H. Jackson, Patrick B. Mooney, Denver, for Defendants–Appellees.

Opinion by Judge JONES.

Plaintiffs, Carolyn Anderson and Christopher Anderson, appeal a summary judgment entered in favor of defendants, Denver Public School Employees' Pension and Benefit Association, Dolories Graves, Evie Dennis, Patricia Hayes, Deanna Hanna, J.P. Hemming, Frank Hurst, Kenneth Kelly, Kent Kirksey, John MacPherson, Tom Mauro, Glenn Mohr, Louis Parker, Linda Patton, Edward Quintrall, Lela Romero, and Carle Stenmark. We affirm.

Plaintiffs are the widow and surviving son of a teacher (decedent) who was employed by Denver Public School District (District) at the time of his death. Decedent first entered into a contract with the District on August 24, 1987, as a teacher for the 1987–1988 academic year. The contract provided for a one-year term of employment beginning September 1, 1987, and ending September 1, 1988.

The contract with the school district was renewed for each successive year, up to and including the 1991–1992 academic year. After completion of the 1991–92 academic year, but approximately two months prior to decedent's five-year anniversary date of September 1, 1992, he died.

After refusal by defendants to pay survivor benefits to plaintiffs under a retirement and benefit plan, plaintiffs instituted this action in district court.

Plaintiffs contend that the trial court erred in concluding that they were not entitled to survivor benefits under the retirement and benefit plan. We disagree.

Section 22–64–113, C.R.S. (1995 Repl.Vol. 9) provides that the board of managers in any school district having a population of 100,000 or more which has established a benefit retirement system may provide for the "payment of benefits upon the death of any member of the system who has served in any such district for at least five years." The retirement and benefit plan, which is a contract between the District and its employees established by the District pursuant to § 22–64–113, provides that survivorship benefits shall be paid upon the death of an employee so long as the "deceased contributing member ... [was] a regular employee in the active service of the District continuously for the five-year period next prior to said member's death."

It is undisputed that, at the time of his death, decedent was a "contributing member," a "regular employee," and was in the "active service" of the District. The only issue before us, therefore, is whether dece-

dent had been in the active service of the District for a continuous period of five years.

Plaintiffs point out that decedent was a teacher and had worked during the period of his employment for only approximately 190 days per year, and that he had completed his teaching obligations for the fifth year of his employment with the District and was under no obligation to perform teaching services during the summer months. Based on these circumstances, plaintiffs argue that, at the time of his death, decedent had been continuously employed for the requisite five year period prior to his death, thereby making his survivors eligible for benefits. In other words, plaintiffs argue that because of decedent's unique circumstances as a teacher, the retirement and benefit plan provision should be construed to require only that he complete five academic years of employment prior to his death in order to cause plaintiffs to be eligible for survivor benefits. We are not persuaded.

■ The interpretation of a written contract is generally a question of law for the court to decide. *Pepcol Manufacturing Co. v. Denver Union Corp.*, 687 P.2d 1310 (Colo. 1984). As such, it is appropriate to resolve contract interpretation disputes on summary judgment. *Tynan's Nissan, Inc. v. American Hardware Mutual Insurance Co.*, 917 P.2d 321 (Colo.App. 1995).

■ Written contracts that are complete and free from any ambiguities will be enforced according to their plain language. When determining whether the provisions of an agreement are ambiguous, the language must be examined and construed in harmony with the plain and generally accepted meaning of the words used therein. *In re May*, 756 P.2d 362 (Colo.1988).

Here, the retirement and benefit plan specifically requires that, before any benefits are paid to a survivor of the deceased, the deceased member must have been employed by the District continuously for the five-year period prior to the deceased member's death. Although the retirement and benefit plan does not specifically define "year," we conclude that the plain and ordinary meaning of "year" is one calendar year or twelve months. *Cf. In re Petition of R.H.N.*, 710 P.2d 482 (Colo.1985).

This conclusion is buttressed by the fact that the General Assembly, in the Teacher Employment, Compensation, and Dismissal Act of 1990, § 22–63–101, et seq., C.R.S. (1995 Repl.Vol. 9), included the following definitions:

> (1) 'Academic year' means that portion of the school year during which the public schools of a school district are in regular session, beginning about the first week in September and ending about the first week in June next following.
>
> . . . .
>
> (9) 'School year' means July 1 through June 30 next following.

Section 22–63–103, C.R.S. (1995 Repl.Vol. 9). *See* § 2–4–107, C.R.S. (1980 Repl.Vol. 1B)(In the construction of statutes, " 'year' means a calendar year.").

Thus, the General Assembly, if it had intended to provide that school districts could provide survivor benefits for its employees who had worked at least five academic years, could have done so. But, contrary to plaintiffs' claims, it did not do so in § 22–64–113, and the District could not so provide when the General Assembly itself did not. In our view, the General Assembly's reference to "at least five years," therefore, can reasonably only be construed as meaning calendar years of 12 continuous months, beginning with the date of the employee's employment.

Hence, in order to determine whether survivor benefits should be paid, we must determine whether decedent had been employed by the District for five successive 12–month periods immediately prior to his death on July 5, 1992. Since he began his employment with the District on September 1, 1987, his anniversary date entitling plaintiffs to qualify for survivor benefits would fall on September 1, 1992. Therefore, under the retirement and benefit plan, decedent's survivors were not eligible for benefits.

We reject plaintiffs' contention that the District precluded them from receiving survivor benefits by failing to withhold the appropriate contributions to the retirement and benefit plan from the last two pay checks

which were paid subsequent to decedent's death. That argument would still require decedent to have been an employee for the five years immediately preceding his death, but, as we have determined, he died before he could meet that requirement. Consequently, the District's failure to withhold contributions to the retirement and benefit plan from decedent's final pay checks did not affect plaintiffs' rights to survivor benefits.

Accordingly, the judgment of the trial court is affirmed.

METZGER and CRISWELL, JJ., concur.