**Stanley H. SOURS, Plaintiff-Appellant,**

v.

**Linda Susan GOODRICH, Defendant-Appellee.**

**No. 82CA1303.**

Colorado Court of Appeals, Div. III.

Aug. 25, 1983.

Rehearing Denied Sept. 22, 1983.

Holm & Christensen, P.C., Jon L. Holm, Steven A. Christensen, Denver, for plaintiff-appellant.

DeMoulin, Anderson, Campbell & Laugesen, P.C., Jack Kent Anderson, Franklin D. Patterson, Denver, for defendant-appellee.

TURSI, Judge.

Plaintiff appeals from the judgment entered on a jury verdict awarding him damages of $4,000 for a foot injury he sustained when the car in which he was a passenger collided with a vehicle driven by defendant. Plaintiff's prime contention on appeal is that the trial court erred in refusing to instruct the jury on his right to recover for "permanent injuries or disability." We agree and therefore reverse.

Defendant's liability is not an issue on this appeal. It is also not disputed that plaintiff's left foot was fractured in the collision that gives rise to this claim for damages. Plaintiff testified that, although the injury was incurred over three years before, he still suffers constant pain and that he has lost upward movement of his left foot and associated loss of balance. He further testified that pain becomes more intense after prolonged standing, and from sitting in a cramped position. He testified that the intensified pain limited certain physical activities.

The trial court rejected plaintiff's instruction on permanent injuries or disability on the grounds that the evidence failed to establish with reasonable certainty the permanency of plaintiff's injuries. The trial court found, however, that evidence existed from which the jury could infer that plaintiff would experience future pain.

 An instruction on permanent injuries or future pain and suffering should not be given unless there is evidence from which it can be inferred with reasonable probability that such permanent injuries have been sustained or that such future pain and suffering will occur. *Barter Machinery & Supply Co. v. Muchow,* 169 Colo. 100, 453 P.2d 804 (1969). In this case neither party chose to introduce medical testimony. However, medical testimony is not required to establish future pain or associated injury. *CeBuzz, Inc. v. Sniderman,* 171 Colo. 246, 466 P.2d 457 (1970).

 On the testimony before it the trial court properly ruled that there was a jury question as to the probable existence of pain at time of trial and that the jury could infer that pain would continue into the future. However, the trial court refused to submit to the jury the question of whether the pain from the injury was permanent. From the same evidence that would sustain an inference that plaintiff's pain would continue into the future, the jury could infer that the future pain was permanent. By defining permanent injury for the jury, the trial court would not be instructing the jury that plaintiff had in fact suffered such injury, but rather that it was a disputed question of fact for the jury to decide. *Moseley v. Lamirato,* 149 Colo. 440, 370 P.2d 450 (1962). Where, as here, the effects of the injury have persisted for a number of years, a jury could reasonably infer that those effects are permanent. *CeBuzz, Inc. v. Sniderman, supra. See also American Marietta Co., Inc. v. Griffin,* 203 A.2d 710 (D.C.App.1964).

Because of our disposition of plaintiff's prime contention of error, we also agree that the trial court erred in failing to instruct on plaintiff's life expectancy.

The judgment as to damages is reversed and the cause is remanded to the trial court for new trial on the sole issue of damages consistent with the views expressed in this opinion.

BERMAN and KELLY, JJ., concur.