Riley ASKEW and Ernestine Askew, Plaintiffs–Appellants,

v.

Provuidenza L. GERACE, Defendant–Appellee.

No. 91CA0744.

Colorado Court of Appeals, Div. II.

Sept. 10, 1992.

Rehearing Denied Dec. 10, 1992.

Certiorari Denied May 10, 1993.

Jack Kintzele, Denver, for plaintiffs-appellants.

Hansen and Holmes, P.C., Judith H. Holmes, Denver, for defendant-appellee.

Opinion by Judge PLANK.

Plaintiff Riley Askew (husband) appeals from a judgment entered on a jury verdict in his favor awarding damages for negligence against the defendant, Provuidenza Gerace. Plaintiff Ernestine Askew (wife) appeals from an order entered by the trial court dismissing with prejudice her negligence claims against the defendant. We affirm.

The plaintiffs, husband and wife, were involved in an automobile accident with the defendant. At the time of the accident, husband was the driver and wife was a passenger in their vehicle.

The wife first filed a complaint against the defendant. Four months later, the husband filed a separate complaint in the same court alleging he had suffered injuries in the same accident. On defendant's motion and over plaintiffs' objection, the trial court granted the defendant's motion for consolidation of the two actions.

Thereafter, before trial, the defendant submitted a joint offer of judgment to both the husband and wife in the amount of $18,000. Plaintiffs objected to the joint offer of judgment arguing that it was improper. The defendant objected to any entry of judgment to the plaintiffs individually, alleging that it materially changed the terms of the joint offer of judgment. The trial court denied the wife's attempt to accept one-half of the joint offer of judgment.

The plaintiffs then filed a motion for summary judgment on the issue of liability. The trial court denied the plaintiffs motion.

Just prior to the selection of a jury, the wife moved for, and was granted, dismissal of her case.

At the close of evidence, the remaining plaintiff (husband) moved for a directed verdict on the issue of liability. This motion was granted by the trial court, and following a trial on the issue of damages, the jury awarded the husband $5,000.

## I.

The plaintiffs first contend that the trial court erred in granting defendant's motion to consolidate the husband's and wife's cases. We disagree.

C.R.C.P. 42 grants the trial court authority to consolidate cases involving common questions of law and fact. Also, consolidation is a matter within the sound discretion of the trial court, and its exercise of that discretion will not be disturbed absent a clear showing of abuse. *People in Interest of J.F.*, 672 P.2d 544 (Colo.App. 1983).

In support of its motion, defendant noted that both parties were alleging that the defendant was negligent, that the same questions of law relating to proximate cause and damages were raised by both plaintiffs, and that both plaintiffs were represented by the same attorney.

Under such circumstances, we find no error or abuse of discretion by the trial court in consolidating the cases.

## II.

The husband next contends that the trial court erred in denying his motion to limit the defendant's medical expert testimony to his report. We perceive no reversible error.

The physician was endorsed by name in the defendant's supplemental disclosure certificate which was mailed eighty days prior to trial. His report was provided to the plaintiffs twenty days prior to trial. On the morning of trial, husband moved to limit the physician's expert testimony to the substance of his report, but the trial court denied that motion.

On direct examination, the defendant's questions were limited to matters contained in the expert's report. Husband's questioning of defendant's expert went beyond the scope of his report. And, he fails to present any evidence that he suffered any prejudice because of any delay in receiving the report.

Even if the trial court does commit an error, a judgment will not be reversed

unless the error is shown to be prejudicial to the substantive rights of the aggrieved parties. *Roberts v. C & M Ready Mix Concrete Co.,* 767 P.2d 769 (Colo.App. 1988).

■ Here, although we disagree with the trial court's decision not to limit defendant's expert to matters in his report, absent a showing of prejudice to the plaintiff, the error, if any, is harmless. Hence, reversal is not warranted. *Cf. Locke v. Vanderark,* 843 P.2d 27 (Colo.App.1992).

### III.

■ Husband next contends that the trial court erred in denying the plaintiffs' motion for summary judgment on liability. However, the denial of a motion for summary judgment is not a final order which may be appealed, but is rather, an unappealable interlocutory ruling. *Manuel v. Fort Collins Newspapers, Inc.,* 631 P.2d 1114 (Colo.1981). Hence, we do not address this contention.

### IV.

Husband next contends that the trial court erred in allowing the statutory seat belt defense without medical evidence that the alleged failure to wear a seat belt contributed to his pain and suffering. We disagree.

Section 42–4–236(7), C.R.S. (1991 Cum. Supp.) provides in pertinent part that:

> Evidence of failure to comply with the requirement of subsection (2) of this section [requiring a driver and front seat passenger to wear a seat belt] *shall be admissible* to mitigate damages with respect to any person who was involved in a motor vehicle accident and who seeks in any subsequent litigation to recover damages for injuries resulting from the accident. Such mitigation shall be limited to awards for pain and suffering and shall not be used for limiting recovery of economic loss and medical payments. (emphasis added)

The notes on the use of *CJI–CIV.3d* 5:2 (1988) provide in pertinent part that:

> In certain motor vehicle accident cases occurring on or after July 1, 1987, evidence of a person's failure to have complied with the mandatory safety seat belt law is admissible to mitigate damages for pain and suffering caused to such person by such accident.... In such cases, this instruction, appropriately modified, should be used....

■ Here, husband testified that he was wearing a seat belt. However, the investigating officer testified that the husband reported he was not wearing a seat belt at the time of the accident. The trial court found this was sufficient evidence to allow the seat belt defense, and it instructed the jury on this issue. We conclude that in doing so, it acted properly.

■ Medical testimony is not required to prove pain and suffering damages. *Sours v. Goodrich,* 674 P.2d 995 (Colo.App. 1983). Accordingly, since a plaintiff is under no requirement to produce medical testimony on pain and suffering, it would not be equitable to require a defendant to submit medical testimony to refute a claim for pain and suffering. Thus, we conclude that under § 42–4–236(7), a defendant is not required to present medical evidence to show that the failure to wear a seat belt contributed to a plaintiff's pain and suffering.

### V.

Husband next contends the trial court erred in failing to award costs to him when he was the prevailing party. We disagree.

■ Section 13–16–104, C.R.S. (1987 Repl.Vol. 6A) provides that a plaintiff who prevails is entitled to recover costs. However, § 13–17–202(1)(a)(II), C.R.S. (Cum. Supp.1991) provides that if the defendant makes an offer of settlement which is rejected by the plaintiff, and plaintiff does not recover a final judgment in excess of the amount offered, costs are to be awarded to the defendant, not to the plaintiff.

The defendant made a joint offer of settlement of $18,000 to the husband and wife. This joint offer was not accepted by both the husband and wife and the jury awarded the husband $5,000.

Under these circumstances, the plaintiff is not entitled to recover costs. The wife's decision voluntarily to dismiss her claim prior to trial is irrelevant to the award of costs pursuant to § 13–17–202(1)(a)(II).

## VI.

■ Wife contends that the trial court erred in not allowing her to accept one-half of the joint offer of judgment. We disagree.

The joint offer of judgment for $18,000 required that both husband and wife accept, and it was the only offer of judgment submitted by the defendant. The wife's attempted acceptance of one-half of the joint offer of judgment constituted a material change to its terms; therefore, it was a rejection of the offer. *See Goodwin v. Eller*, 127 Colo. 529, 258 P.2d 493 (1953). Hence, we find no error in the trial court's ruling on this matter.

## VII.

Wife next contends that because the trial court did not indicate on the record that her claim was dismissed with prejudice, the dismissal was without prejudice. We disagree.

■ When wife moved, on the morning of trial, for dismissal of her claims, the trial court granted the motion without indicating at that time whether the dismissal was with or without prejudice, and counsel did not ask for clarification. The trial court's minute order indicates the dismissal was with prejudice. The trial court subsequently entered a written judgment pursuant to C.R.C.P. 58(a) in favor of the defendant and against the wife.

Relying on *Vigil v. Lewis Maintenance Service, Inc.*, 38 Colo.App. 209, 554 P.2d 703 (1976), the wife asserts that the dismissal must be without prejudice. However, *Vigil* interprets C.R.C.P. 41(a)(1), not C.R.C.P. 41(a)(2).

A motion by a plaintiff to dismiss that is made after the defendant has filed an answer is governed by C.R.C.P. 41(a)(2) *Tillery v. District Court*, 692 P.2d 1079 (Colo. 1984).

C.R.C.P. 41(a)(2) provides in pertinent part that:

"Except as provided in subsection (a)(I) of this subsection of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as *the court deems proper.*" (emphasis added)

If the trial court had granted the wife's motion to dismiss without prejudice it would have nullified its previous decision to allow consolidation of these two cases. Hence, we conclude the trial court's dismissal with prejudice was proper.

## VIII.

We find the other arguments asserted by husband to be without merit. Accordingly, the judgment is affirmed.

SMITH and TURSI, JJ., concur.