**Katrina L. ANDERSON f/k/a Katrina Lee Gibson, Plaintiff–Appellant,**

v.

**Cindy S. WATSON, Defendant–Appellee.**

No. 94CA1577.

Colorado Court of Appeals,
Div. V.

April 18, 1996.

Rehearing Denied June 27, 1996.

Certiorari Granted Jan. 13, 1997.

Cook & Lee, P.C., Stephen H. Cook, Boulder, for Plaintiff–Appellant.

White & Steele, P.C., John P. Craver, John M. Lebsack, Denver, for Defendant–Appellee.

Opinion by Judge TAUBMAN.

In this personal injury action, plaintiff, Katrina L. Anderson, appeals the judgment entered on a jury verdict that did not include an award of non-economic damages against defendant, Cindy S. Watson. We affirm.

Plaintiff initiated this action after sustaining injuries to her neck and shoulder in an automobile collision with defendant. The facts are not in dispute. Defendant ran through a red light at an intersection and collided with plaintiff's car. Defendant admitted liability and plaintiff admitted that she was not wearing a seat belt at the time of the accident.

The only issues to be determined at trial were the nature and extent of plaintiff's injuries and the amount of damages. Plaintiff testified that she suffered a great deal of

pain and was unable to engage fully in recreational or family activities. Testimony was also presented concerning plaintiff's medical problems and treatment for them before the accident. At the conclusion of the trial, the court instructed the jury on the affirmative defense of failure to mitigate damages by not wearing a seat belt.

The jury found that as a result of defendant's negligence, plaintiff sustained $640 in economic losses. However, the jury did not award plaintiff non-economic damages for pain and suffering, and that jury decision is the focus of this appeal.

## I.

Plaintiff contends that the trial court improperly instructed the jury on the statutory seat belt defense because no evidence was presented that the failure to wear a seat belt caused plaintiff's damages. We disagree.

### A.

Initially, we note that, at our direction, the parties presented argument and authority at oral argument concerning whether this issue had been properly preserved for appeal. Based thereon, and because it was raised in plaintiff's motion in limine, we conclude that this issue is properly before us on appeal. *See Maes v. Lakeview Associates, Ltd.*, 892 P.2d 375 (Colo.App.1994); *see also Uptain v. Huntington Lab, Inc.*, 723 P.2d 1322 (Colo. 1986).

### B.

The jury was instructed that the defendant could establish the affirmative defense of plaintiff's failure to mitigate or minimize pain and suffering, if it found all of the following:

1. The plaintiff failed to wear her seat belt;

2. Such failure caused the plaintiff to incur more pain and suffering than she otherwise would have; and

3. The amount of damages caused by such failure.

This instruction was based on § 42–4–237(7), C.R.S. (1995 Cum.Supp.), which provides in pertinent part:

Evidence of failure to [wear a seat belt] shall be admissible to mitigate damages with respect to any person who was involved in a motor vehicle accident and who seeks in any subsequent litigation to recover damages for injuries resulting from the accident. Such mitigation shall be limited to awards for pain and suffering and shall not be used for limiting recovery of economic loss and medical payments.

■ An instruction on future pain and suffering should be given when there is evidence from which it can be inferred with reasonable probability that such future pain and suffering will occur. *Sours v. Goodrich*, 674 P.2d 995 (Colo.App.1983). Medical evidence is not required to establish future pain and suffering. *See Morgan v. Board of Water Works*, 837 P.2d 300 (Colo.App.1992).

In *Askew v. Gerace*, 851 P.2d 199 (Colo. App.1992), a division of this court concluded that, under § 42–4–237(7), a defendant is not required to present medical evidence to show that the failure to wear a seat belt contributed to plaintiff's pain and suffering. *But see* Kaufman, *Restraining the Seat Belt Defense*, 45 Trial Talk 6 (March 1996). The court reasoned that because medical testimony is not required to prove pain and suffering, it would be inequitable to require a defendant to submit medical testimony to refute such a claim.

Similarly, because a jury may be instructed on pain and suffering if the evidence would sustain such an inference, *see Lawson v. Safeway, Inc.*, 878 P.2d 127 (Colo.App. 1994), the same standard should apply to a defendant attempting to refute a claim of pain and suffering. Thus, provided there is evidence from which it can be inferred with reasonable probability that pain and suffering will occur because of failure to wear a seat belt, it is not necessary that defendant introduce specific evidence that failure to wear a seat belt *caused* plaintiff to incur more pain and suffering than she otherwise would have. *See Sours v. Goodrich, supra.*

■ Accordingly, we hold that under § 42–4–236(7), once there is evidence to support an inference that the failure to wear a seat belt contributed to plaintiff's pain and suffering, the defendant is entitled to have the jury instructed on the affirmative defense of nonuse of seat belt. *See CJI–Civ.*3d 5:2A (1995) (Notes on use state that instruction should be used "when there is evidence that the plaintiff incurred pain and suffering which would not have been incurred but for the failure to use an available safety belt.").

■ Here, plaintiff admitted that she was not wearing a seat belt at the time of the accident and also testified that she banged her knees, head, and chest as a result of the collision. This evidence was sufficient for the jury to infer that plaintiff's failure to wear a seatbelt contributed to her pain and suffering.

We therefore conclude that the trial court properly instructed the jury on the affirmative defense of failure to mitigate damages by wearing a seat belt. *See Askew v. Gerace, supra* (testimony of police officer that plaintiff was not wearing a seatbelt was sufficient evidence to instruct the jury on the seat belt defense).

## II.

Plaintiff also contends that the trial court erred in denying her motion for a new trial based on inadequate damages. We do not agree.

■ The decision whether to grant a new trial is in the discretion of the trial court. *Aspen Skiing Co. v. Peer,* 804 P.2d 166 (Colo. 1991). If a trial court is dissatisfied with the verdict as contrary to the weight of the evidence, it may grant a new trial. However, unless the court determines there has been a miscarriage of justice, it should let the verdict stand. *Industrial Commission v. Jones,* 688 P.2d 1116 (Colo.1984).

Here, plaintiff asserts that because defense counsel, during closing argument, admitted plaintiff's pain and suffering, the jury's failure to award any damages for pain and suffering was contrary to the weight of the evidence. We are not persuaded.

■ Judicial admissions are binding on the party who makes them, are evidence against such party, and may constitute the basis of a verdict. *Larson v. A.T.S.I.,* 859 P.2d 273 (Colo.App.1993). Such admissions may be made by party's counsel, need not be written, and can occur in oral argument. *Kempter v. Hurd,* 713 P.2d 1274 (Colo.1986). However, the alleged admission must also be unequivocal. *Larson v. A.T.S.I., supra.*

In support of her argument, plaintiff relies on the following statement of defense counsel: "Pain and suffering. In this case, the medical evidence says eight months."

■ First, we do not perceive that statement to be unequivocal when considered within the context of the entire closing argument. The above statement was made shortly after the following argument by defense counsel:

> Pain and suffering. The Judge has instructed you the plaintiff is only entitled to damages for pain and suffering if that pain and suffering was caused by this accident. That's a difficult question, isn't it? Especially in light of her previous employer's testimony that she was always wearing braces; that it was something new every week. Perhaps ... her emotions are all tied up in her pain and suffering, and I think the records probably reflect that has been the case for a long time.
>
> But pain and suffering—any award for pain and suffering has to be reduced by that amount ... that you feel, first, resulted from her failure to wear a seat belt.... Any award has to be reduced by what pain and suffering was not caused by this accident. Those are the pre-existing conditions....
>
> What other evidence is there of pain and suffering? We have heard evidence from the doctors that she went ten months without any treatment and that when they last saw her in June, she didn't have any pain. That's quite inconsistent ... with the story we just heard from plaintiff's counsel.
>
> I would suggest, ladies and gentlemen, that a very small award, *if any,* for the few months that she was treating for her shoulder is all that should be awarded

there, because I think it's been shown. (emphasis added).

These remarks demonstrate that defense counsel was attempting to refute plaintiff's assertion of pain and suffering or, alternatively, to convince the jury that any pain and suffering found should be reduced based on plaintiff's failure to wear a seat belt or plaintiff's preexisting medical conditions. Thus, we conclude that, in context, defense counsel's apparent acknowledgment that plaintiff had experienced pain and suffering for eight months was not an unequivocal admission.

Second, even if we assume that defense counsel's statement was an unequivocal admission, the jury nevertheless could have reduced to zero any damages for pain and suffering based on either plaintiff's failure to wear a seat belt, plaintiff's preexisting conditions, or both.

Accordingly, we conclude that the trial court properly denied plaintiff's motion for new trial.

Judgment affirmed.

ROTHENBERG and CASEBOLT, JJ., concur.