23CA2180 Brant v Keene Ranch 09-26-2024

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA2180
Douglas County District Court No. 18CV30598
Honorable Andrew C. Baum, Judge

---

Beau Brant, Jennifer Brant, Carlos Deromana, Regis Fleury, Sara Vananrooy, Jeff Speich, Mike Money, Shawn Roberts, George M. Gallant, and Dianne M. Gallant,

Plaintiffs-Appellees,

v.

Keene Ranch Homeowners Association, Inc., a Colorado nonprofit corporation,

Defendant-Appellant.

---

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE MOULTRIE
Welling and Brown, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced September 26, 2024

---

The Klug Law Firm, LLC, Noah Klug, Breckenridge, Colorado, for
Plaintiffs-Appellees

Allen & Curry, P.C., Theodore A. Wells, Brian M. Swann, Denver, Colorado, for
Defendant-Appellant

¶ 1     Defendant, Keene Ranch Homeowners Association, Inc. (the association), appeals an order entered awarding attorney fees and costs to plaintiffs, a group of current and former property owners (the owners) within the boundaries of Keene Ranch. We reverse the order and remand with directions.

## I.     Background

¶ 2     Keene Ranch is a common interest community within Douglas County. It was created under section 38-33.3-101, C.R.S. 2024, after its community declaration, entitled "Common Interest Community Declaration of Keene Ranch, A Planned Community" (the declaration) was recorded in December 1995.

¶ 3     The owners filed a complaint seeking, among other things, a declaratory judgment that the declaration's second amendment, recorded in December 2017 (second amendment), was invalid. The second amendment revised a section of the declaration regarding restrictions for animals located within Keene Ranch.

¶ 4     As relevant here, the owners also claimed that the association's record keeping practices violated section

38-33.3-317(1), C.R.S. 2018[1] (records request claim), and that two homeowner defendants, Wade A. Goetz and Carolyn Licano Goetz (Goetzes),[2] violated a provision of the declaration by building a second driveway on their property (driveway claim).

¶ 5    In September 2018, the owners filed a motion for partial summary judgment asking the trial court to declare the second amendment invalid as a matter of law.  The owners also requested an award of their attorney fees and costs.  In June 2021, the trial court granted the owners' motion for partial summary judgment[3] and determined that the second amendment was invalid as a matter of law.

¶ 6    In April 2022, the owners, the association, and the Goetzes settled the driveway claim, and the court dismissed the Goetzes from the case.  In July 2023, the owners and the association (collectively, the parties) settled the records request claim.  And, as

---

[1] We cite to the 2018 statute because it was the effective law at the time of filing, and, in 2021, the General Assembly amended the law by including materially different language.

[2] The Goetzes are not parties to this appeal.

[3] The owners also filed a second partial motion for summary judgment that the trial court deemed moot as a result of its granting the owners' initial motion.

relevant here, the terms of both settlements required the parties to be responsible for their own attorney fees and costs related to the settled claims.

¶ 7     In August 2023, the owners filed a motion for attorney fees and costs (fees and costs motion) related to the second amendment claim and asserted that (1) section 38-33.3-123(1)(c), C.R.S. 2018,[4] supported their request for attorney fees and costs as the prevailing party; (2) $92,961.41 was a reasonable amount for their requested attorney fees; and (3) they were entitled to $3,648.55 for costs.  In the fees and costs motion, the owners' current counsel asserted that his office billed the owners $117,748.55, while a previous law firm billed them $6,200, for a total of $123,948.55 in attorney fees for all three claims.  The owners argued that it was reasonable for the court to deduct 25%, or $30,987.14, from the total amount of attorney fees billed — thereby resulting in a 75%, or $92,961.41, award — for prevailing on the second amendment claim because of

_____

[4] We cite to the 2018 statute because it was the effective law at the time of filing, and, in 2024, the General Assembly amended the law by including materially different language.

3

"the work performed, the result obtained, and other factors set out in Rule 1.5 of the Rules of Professional Conduct."

¶ 8 On August 30, 2023, before the association filed a response to the fees and costs motion, the trial court entered an order awarding fees and costs to the owners (fees order), which said in its entirety,

> THE COURT HEREBY ADJUDGES AS FOLLOWS:
>
> Final judgment is entered in favor of the Plaintiffs and against the Defendant for $92,961.41 in fees and $3,648.55 in costs, for a total of $96,609.96. Such amount shall bear interest at the rate of 8% per annum until the judgment is satisfied. Pursuant to C.R.S. § 38-33.3-123(1)(c), the Plaintiffs are also awarded reasonable costs and attorney's fees of collection in amounts to be determined.

¶ 9 The next day, the association filed a forthwith motion for reconsideration under C.R.C.P. 59 (Rule 59 motion) asking the court to vacate the fees order, expedite a briefing schedule on the Rule 59 motion, and reserve ruling on the fees and costs motion until after it was fully briefed. The day after that, the association filed its response to the fees and costs motion.

¶ 10 On September 7, the trial court issued an order on the Rule 59 motion staying the fees order "to consider [the association's]

4

response to the [the owners'] request for attorney[] fees." The court also authorized the owners to file a reply. A week later, the owners filed their reply. The trial court took no additional action on the stayed fees order or the parties' pleadings before the association appealed the fees order on December 19, 2023.

## II. Standard of Review

¶ 11 We review a trial court's award of attorney fees and costs for an abuse of discretion. *Accetta v. Brooks Towers Residences Condo. Ass'n*, 2021 COA 147M-2, ¶ 43. A trial court abuses its discretion when its ruling is manifestly arbitrary, unreasonable, or unfair or based on a misapplication or misunderstanding of the law. *Credit Serv. Co. v. Skivington*, 2020 COA 60M, ¶ 17. However, even if an abuse of discretion is found, reversal is unwarranted "unless the error is shown to be prejudicial to the substantive rights of the aggrieved part[y]." *Askew v. Gerace*, 851 P.2d 199, 201-02 (Colo. App. 1992); *see* C.R.C.P. 61. An error affects a party's substantial rights if it impaired the basic fairness of the trial or substantially influenced the outcome of the case. *Bernache v. Brown*, 2020 COA 106, ¶ 26.

### III. Applicable Legal Principles

¶ 12    When a court awards a prevailing party its attorney fees, such fees must be reasonable. *See* Colo. RPC 1.5(a); *Tisch v. Tisch*, 2019 COA 41, ¶ 84. "To determine what constitutes a reasonable fee, a court uses a well-established analytical framework," *Cronk v. Bowers*, 2023 COA 68M, ¶32, which provides the court an initial estimate of the "lodestar" amount, *Tisch*, ¶ 84 (outlining the framework a court uses to determine the lodestar amount). The lodestar amount "represents the number of hours reasonably expended multiplied by a reasonable hourly rate," which then creates a strong presumption of reasonableness. *Tallitsch v. Child Support Servs., Inc.*, 926 P.2d 143, 147 (Colo. App. 1996).

¶ 13    A ruling that awards attorney fees must contain sufficient findings of fact to allow meaningful appellate review. *Yaekle v. Andrews*, 169 P.3d 196, 201 (Colo. App. 2007), *aff'd on other grounds*, 195 P.3d 1101 (Colo. 2008); *see Carruthers v. Carrier Access Corp.*, 251 P.3d 1199, 1212 (Colo. App. 2010) (noting that an award of attorney fees "cannot stand" where the trial court didn't identify the basis for awarding fees and made no factual findings supporting its determination); *see also* C.R.C.P. 121, § 1-22(2)(c).

## IV. Discussion

¶ 14    On appeal, the association asserts that (1) the fees order doesn't contain sufficient findings to permit meaningful appellate review, and (2) the trial court abused its discretion when it entered the fees order before the association filed its response to the fees and costs motion. Because we agree with the association's first contention, we decline to address its second. *See Laleh v. Johnson*, 2016 COA 4, ¶ 37 (declining to address subsequent contentions where the underlying judgment was reversed and remanded to the trial court), *aff'd on other grounds*, 2017 CO 93.

¶ 15    The association cites *Cronk* (reversing an award of attorney fees and costs where the trial court failed to make sufficient findings) and *Carruthers* in support of their appeal, while the owners largely rely on *Foster v. Phillips*, 6 P.3d 791, 796 (Colo. App. 1999) (noting that while it is better practice for a court to make express findings, they may be implicit in a court's ruling). The owners concede that the fees order doesn't contain "detailed findings," but they argue that when the order is read in conjunction with the record, the basis and reasoning for the trial court's ruling is clear and valid. We aren't persuaded.

¶ 16 In *Foster*, a division of this court concluded that "[w]hen the ruling, in the context of the record, is sufficient to determine its basis, and the record is sufficient to support the award, a failure to make express findings does not require reversal." *Id.* at 796.

¶ 17 The owners contend that the fees and costs motion provided a sufficient basis for the fees order because it detailed the work their counsel completed related to the second amendment claim and included the required lodestar amount. They argue that the trial court "impliedly adopt[ed] the reasoning of [the fees and costs motion]." But the fees and costs motion didn't detail how the owners' counsel determined that 75% of the total attorney fees billed was reasonable given that two of the three claims were resolved by settlements — occurring months and years after the declaratory judgment claim was resolved — that required the parties to be responsible for their own attorney fees and costs. And it was a factual question for the trial court to determine whether the 25% reduction was reasonable. Thus, the owners' reliance on *Foster* is misplaced because the record here isn't sufficient to support the award, and the fees order doesn't contain any findings of fact or legal analysis that enable us to conduct a meaningful

review.  *See Carruthers*, 251 P.3d at 1212; *see also Yaekle*, 169 P.3d at 201.

¶ 18    Accordingly, we conclude that the trial court abused its discretion when it entered the fees order.  And given the order's deficiencies, we can't conclude that its error was harmless.  *See* C.R.C.P. 61.

## V.    Appellate Attorney Fees

¶ 19    Lastly, we deny the owners' request for an award of their appellate attorney fees and costs because they did not prevail on appeal.  *See* C.A.R. 39(a)(3), 39.1; *see also Mountain States Adjustment v. Cooke*, 2016 COA 80, ¶ 47 (nonprevailing appellate party is not entitled to award of appellate attorney fees).

## VI.    Disposition

¶ 20    The order is reversed, and the case is remanded for further proceedings consistent with this opinion.

JUDGE WELLING and JUDGE BROWN concur.